NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3160

MALCOLM S. KIMBROUGH,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Malcolm S. Kimbrough, of San Antonio, Texas, pro se.

Douglas K. Mickle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director. Of counsel on the brief was Jessica A. VanLeeuwen, Associate Counsel, European Operations, Defense Contract Management Agency.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3160

MALCOLM S. KIMBROUGH,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Petition for review of the Merit Systems Protection Board in DC3443070815-I-1.

_____

DECIDED:  July 9, 2008

_____

Before DYK, PROST, and MOORE, Circuit Judges.

PER CURIAM.

Malcolm S. Kimbrough (Mr. Kimbrough) appeals the final order of the Merit Systems Protection Board (Board) denying his petition for review of his claims that the United States Department of Defense's Defense Contract Management Agency (DCMA) violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA).  Kimbrough v. Dep't of Def., No. DC3443070815-I-1 (Dec. 17, 2007). When the Board denied review, the administrative judge's (AJ) decision became the final decision of the Board.  For the reasons set forth below, we affirm.

## BACKGROUND

Mr. Kimbrough previously filed a Board appeal challenging the removal action taken by the DCMA.  The Board had jurisdiction over the prior removal appeal, and

sustained the removal action in an initial decision dated August 1, 2006. The full Board denied Mr. Kimbrough's petition for review, and the initial decision became final on January 31, 2007. Mr. Kimbrough filed a request asking this court to review the Board's final decision, but we dismissed the appeal a short time later.

Mr. Kimbrough filed the present appeal with the Board on August 7, 2007, requesting relief under USERRA. Mr. Kimbrough apparently claimed that (1) DMCA violated his USERRA rights when it removed him in January 2006 (USERRA discrimination appeal), and (2) DMCA also denied his USERRA restoration rights by failing to grant a request for restoration he allegedly made sometime after DCMA had removed him (USERRA restoration appeal). The AJ issued a show cause order on August 16, 2007, explaining the principles of res judicata and how it could prevent Mr. Kimbrough from litigating a USERRA discrimination or restoration issue connected to his removal. Mr. Kimbrough timely responded, the AJ issued a second show cause order, and Mr. Kimbrough again timely responded. The AJ then issued an initial decision, concluding that res judicata prevents Mr. Kimbrough from litigating allegations of USERRA discrimination relating to his removal action. The AJ also concluded that Mr. Kimbrough failed to make a nonfrivoulous allegation of jurisdiction over his USERRA restoration appeal. The AJ therefore denied Mr. Kimbrough's USERRA discrimination appeal, and dismissed his USERRA restoration appeal for lack of jurisdiction. On December 17, 2007, the Board issued a final order denying Mr. Kimbrough's petition for review, and the initial decision became final. This appeal followed.

DISCUSSION

We affirm a decision of the Board unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The scope of the Board's jurisdiction is a legal question that we review de novo. Monasteri v. Merit Sys. Prot. Bd., 232 F.3d 1376, 1378 (Fed. Cir. 2000) (citations omitted).

First, we agree with the Board that res judicata precluded Mr. Kimbrough from relitigating allegations of USERRA discrimination relating to his removal. Res judicata precludes parties from relitigating issues that could have been raised in a prior action if: "(1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment upon the merits; (3) the same cause of action and the same parties or their privies were involved in both cases." Carson v. Dep't of Energy, 398 F.3d 1369, 1375 (Fed. Cir. 2005). The Board properly determined that (1) it exercised jurisdiction over Mr. Kimbrough's January 2006 removal appeal; (2) the prior adjudication resulted in a final judgment upon the merits; and (3) the same parties and cause of action were involved in both appeals.

In his petition, Mr. Kimbrough alleges that the Board failed to take into account his "mental state." Pet. Br., Answer to Question No. 2. But Mr. Kimbrough's alleged mental state is not relevant to whether the application of res judicata bars his USERRA discrimination appeal. We conclude the Board properly determined that Mr. Kimbrough could have raised his current USERRA discrimination claim in the first removal appeal.

To the extent that Mr. Kimbrough's restoration appeal is based on USERRA, Mr. Kimbrough argues that the Board failed to apply 38 U.S.C. § 4301(a)(3), which states that one purpose of USERRA is: "to prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). Mr. Kimbrough takes issue with the fact that the Board's initial decision expressly mentions only §§ 4301(a)(1) and (a)(2). The restoration provisions of USERRA, including § 4301(a)(3), are applicable only to non-career military service. See Moravec v. Office of Pers. Mgmt., 393 F.3d 1263, 1267 (Fed. Cir. 2004). It is undisputed that Mr. Kimbrough performed career military service from June 1979 to July 2000, and that he is receiving military retired pay. Accordingly, we perceive no error in the Board's final decision dismissing the USERRA restoration appeal for lack of jurisdiction.

To the extent that Mr. Kimbrough is contending that he was denied restoration rights after a compensable workplace injury under 5 U.S.C. § 8151 and 5 C.F.R. § 353.301, we conclude that this argument also fails. As the Board noted, it is well established that restoration rights under 5 U.S.C. § 353.301 do not extend to an employee who was removed from his position for cause apart from his workplace injury. See 5 C.F.R. § 353.108 ("[S]eparation for cause that is substantially unrelated to the injury . . . negates restoration rights."); Minor v. Merit Sys. Prot. Bd., 819 F.2d 280, 282 (Fed. Cir. 1987) ("An employee who has been removed for cause rather than a compensable injury is not entitled to restoration and cannot appeal to the Board."). The Board correctly concluded that, Mr. Kimbrough is barred from challenging in this proceeding the Board's earlier conclusion that Mr. Kimbrough's discharge was due to his failure to properly document his injury and request leave. As a result of this

termination for cause, Mr. Kimbrough has no right to restoration under 5 U.S.C. § 353.301.

We have considered, but reject, Mr. Kimbrough's remaining arguments. For the foregoing reasons, we affirm the Board's decision.

## COSTS

No costs.