NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**ANDREW SEARCY, JR.,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

———————————————

2012-3033

———————————————

Petitions for review of the Merit Systems Protection Board in case nos. AT0752110243-I-1.

———————————————

**ANDREW SEARCY, JR.,**
*Petitioner,*

v.

**DEPARTMENT OF AGRICULTURE,**
*Respondent.*

———————————————

2012-3054

———————————————

Petitions for review of the Merit Systems Protection Board in case nos. AT432410 0356-B-1.

---

Decided: June 14, 2012

---

ANDREW SEARCY, JR., of Peachtree City, Georgia, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before DYK, PROST, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Andrew Searcy, Jr. appeals two separate final decisions of the Merit Systems Protection Board ("Board"). Although these appeals were not consolidated before us, we address Searcy's appeals in a single decision in light of their shared background and procedural history. In *Searcy v. Department of Agriculture*, No. AT-4324-10-0356-B-1 (M.S.P.B Dec. 16, 2011) ("*Searcy v. USDA*"), the Board dismissed Searcy's claims against the United States Department of Agriculture ("USDA") under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), the Veterans' Reemployment Rights Act of 1940 ("VRRA"), and the Veterans Employment Opportunity Act of 1998 ("VEOA"). We affirm the Board's dismissal of Searcy's USERRA and VRRA claims as supported by substantial evidence, and affirm the Board's dismissal of Searcy's VEOA claim for lack of jurisdiction. In *Searcy v. Department of Agriculture*, No. AT-0752-11-0243-I-1 (M.S.P.B. Nov. 10, 2011)

("*Searcy v. MSPB*"), the Board dismissed Searcy's claim of constructive removal as untimely. We affirm that decision as supported by substantial evidence.

## I.

Searcy served on active military duty from August 1, 1964 to July 31, 1967. In 1967, Searcy joined the civil service and began working for the Federal Water Pollution Control Administration. In 1974, Searcy transferred to the USDA Forest Service Southeastern Forest Experiment Station in Asheville, North Carolina. In 1975, Searcy enrolled full-time in a post-graduate program at Northwestern University under the provisions of the Government Employees Training Act. In connection with enrollment in that program, Searcy signed Form AD-821 through which he agreed to remain in the employ of the Forest Service in exchange for tuition benefits. In 1976, Searcy signed a second agreement to extend his enrollment in the post-graduate program through 1979 and later signed a third agreement to extend his enrollment through December 31, 1981. As memorialized in Form AD-821, the USDA agreed to pay Searcy's tuition and salary in exchange for Searcy's employment with the USDA for a period of time equal to three times the training period length or repayment of the training costs.

According to the USDA, Searcy left Northwestern University on March 28, 1977 without completing his training program, and did not return to his position with the Forest Service. The USDA terminated Searcy for separation by abandonment effective May 30, 1977. Searcy was listed as indebted to the agency in the USDA's final salary payment report and, on January 30, 1979, the USDA placed a lien on Searcy's Civil Service Retirement System account through Standard Form 2805 to satisfy his debt of $11,036.99.

On August 27, 1997, Searcy sought Equal Employment Opportunity ("EEO") counseling, alleging he had been discriminated against on the basis of race and was coerced into resigning from the USDA in 1978. Searcy filed a complaint subsequent to this counseling and, in response to the Equal Employment Opportunity Commission's ("EEOC") requests for information, stated that he had not sought EEO counseling at the time of the incident because the USDA had not provided EEO counselors. The EEOC dismissed Searcy's complaint on April 16, 1999, for failure to timely contact an EEO counselor within the forty-five day limit provided by EEOC regulations, finding that Searcy had not used due diligence in pursuit of his claim over the nineteen year delay.

On June 12, 2006, Searcy received notice from the Office of Personnel Management ("OPM") that his application for deferred retirement was denied because his retirement contributions had been forfeited to pay his debt. Searcy sought EEOC counseling for this matter on January 14, 2008. Searcy filed an EEO formal complaint on February 6, 2008, alleging discrimination on the basis of race. Specifically, Searcy complained that his retirement contributions were forfeited due to forced termination on the basis of race. The EEOC complaint was dismissed on July 21, 2009, by an administrative judge ("AJ") for untimely EEO counselor contact, noting that "the alleged discriminatory act occurred in June 2006, but complainant did not initiate contact with an EEO counselor until January 14, 2008." The AJ further noted that the complaint appeared to be a second attempt to litigate a prior EEO complaint or improperly collaterally attack the administration of his retirement benefits when the discrimination occurred at a different agency in the late 1970s.

On May 26, 2009, Searcy submitted a complaint to the Department of Labor ("DOL") alleging that his veteran's preference was used to intentionally subject him to a racially discriminatory work environment and to deny him of USERRA/VRRA benefits of employment. Searcy requested Office of Special Counsel ("OSC") or Veterans' Employment and Training Service ("VETS") assistance for his claim. On August 31, 2009, Searcy's request for assistance from VETS for his USERRA/VRRA claim was denied, and Searcy was informed of a right to seek OSC assistance or to file a USERRA/VRRA appeal to the MSPB. The letter received by Searcy disclaimed any VEOA violations stemming out of the actions in the late 1970s, but did not address the alleged continuing VEOA violations. On December 29, 2009, the OSC denied Searcy's request for OSC assistance regarding his USERRA/VRRA claims. The OSC letter did not address any of Searcy's VEOA claims.

## II.

The present petitions for review arise out of Searcy's initial appeal to the Board, *Searcy v. Department of Agriculture*, No. AT-4324-10-0356-I-1, on January 9, 2010, of his 2008 EEOC complaint, including a complaint of a violation of his due process rights for withdrawal of his retirement funds, and his complaints and requests for assistance from VETS and OSC regarding his USERRA/VRRA and alleged VEOA claims. On February 1, 2010, the AJ ordered that Searcy provide evidence showing USERRA jurisdiction over his claims and proof that he had exhausted his claim within the Department of Labor. On March 19, 2010, following Searcy's response, the AJ dismissed Searcy's appeal for lack of jurisdiction, noting that he had not shown any evidence suggesting Board jurisdiction existed over his USERRA/VRRA claims. Searcy petitioned the Board for review of this

decision on March 21, 2010. On November 30, 2010, the Board granted Searcy's petition for review, reversed the AJ's decision, and remanded for further consideration. The Board decided: (1) that Searcy had established USERRA/VRRA jurisdiction, (2) that the AJ was required to provide Searcy with the opportunity to establish VEOA jurisdiction, and (3) that the AJ was required to docket Searcy's constructive termination claim as a new appeal. On December 10, 2010, pursuant to the Board's orders, the AJ ordered Searcy to present evidence showing VEOA jurisdiction.

## A. *Searcy v. MSPB*

In accordance with the AJ's December 10, 2010, order, Searcy filed allegations on December 13, 2010 regarding his constructive termination claim. The USDA responded on December 29, 2010, disputing Searcy's claims regarding separation from the USDA, and requesting that Searcy's appeal be denied as untimely and as lacking jurisdiction. On March 17, 2011, the AJ ordered Searcy to file evidence showing that he had timely appealed or that he had good cause for a delay in filing. Searcy responded that he was not made aware of his appeal rights. Despite this contention, on March 20, 2011, the AJ dismissed Searcy's constructive termination claim as untimely. The AJ concluded that Searcy had not exercised due diligence in discovering his appeal rights and filing his appeal, regardless of whether notice of appeal rights was required for his separation. Searcy petitioned the Board for review of the AJ's dismissal on March 31, 2011.

On November 10, 2011, the Board denied review of the AJ's dismissal. The Board explained that, if notice of appeal rights was not required, Searcy had not explained when or how he learned of those rights, if he had exercised due diligence in discovering them, or that he had

exercised due diligence on filing his appeal. The Board further explained that, if notice of appeal rights *were* required, Searcy did not show that he was diligent in filing after he learned he could do so. In particular, the Board referenced the delay between Searcy's August 27, 1997 EEO counseling and his 2009 complaint as evidence of a lack of diligence and rejected Searcy's request for tolling.

## B. *Searcy v. USDA*

Also in response to the December 10, 2010 order, Searcy filed allegations with the Board regarding his USERRA/VRRA claim and jurisdiction over his VEOA claim. The AJ held hearings on the merits of the USERRA/VRRA claims and the jurisdiction over the VEOA claims, including a telephonic status conference. Following this conference, Searcy submitted a list of six jobs about which he alleges he inquired, but for which he had not necessarily completed formal application. On March 30, 2011, the AJ dismissed Searcy's VEOA claim for lack of jurisdiction and his USERRA/VRRA claims for failure to state a claim upon which relief can be granted. The AJ explained that the USERRA was not in effect for Searcy's pre-1994 withdrawal of funds, and that, therefore, he had no USERRA claim for the withdrawal. The AJ further explained that Searcy had failed to allege any facts showing that he had actually applied for any positions such that he would have a USERRA claim for non-selection. The AJ also dismissed any VRRA claims because Searcy had not alleged reserve status when his retirement funds were withdrawn, and thus he had no protection under VRRA. Finally, the AJ dismissed the VEOA claims for lack of jurisdiction because Searcy had not provided any evidence showing that he had exhausted his remedies with the Department of Labor over these claims. Searcy petitioned the Board for review.

On December 16, the Board denied Searcy's petition. The Board adopted the AJ's reasoning, noting that Searcy had failed to explain how the notice of appeal rights or notice of withdrawal were related to his Reserve status under VRRA and that Searcy's DOL complaint pertained to the USERRA, rather than VEOA.

Searcy timely appealed both Board actions, in *Searcy v. Merit Systems Protection Board*, No. 2012-3033, on November 29, 2011, and in *Searcy v. Department of Agriculture*, No. 2012-3054, on December 29, 2011.

## III.

Our standard of review in an appeal from the Board is limited by statute. 5 U.S.C. § 7703(c); *see Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1321 (Fed. Cir. 1999); *O'Neill v. Office of Pers. Mgmt.*, 76 F.3d 363, 364-65 (Fed. Cir. 1996). We may reverse a decision of the Board only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2006).

## A.

We first address Searcy's claim in *Searcy v. Merit Systems Protection Board* that the Board erred in dismissing his constructive resignation claim. If an appeal from an adverse agency action is not filed within the period provided by regulation, the appeal will be dismissed unless "a good reason for the delay is shown." 5 C.F.R. § 1201.22(c) (2012). The MSPB has held that "[a]s a general matter, an agency's failure to notify an employee of his or her Board appeal rights under circumstances requiring it to do so will justify a waiver of the filing deadline." *Gingrich v. United States Postal Serv.*, 67 M.S.P.R. 583, 587 (1995);

*see also Shiflett v. United States Postal Serv.*, 839 F.2d 669, 674 (Fed. Cir. 1988).

Resignations and retirements are presumed to be voluntary, however, as is separation by abandonment. *See Latham v. United States Postal Serv.*, 909 F.2d 500, 502 (Fed. Cir. 1990);.*Tolentino v. Dep't of Treasury*, 81 M.S.P.R. 258, 262 (1999) (citing *Poschl v. United States*, 206 Ct. Cl. 672 (1975)).  Thus, because an agency normally has no way of knowing that such an employee considers his separation involuntary, the agency has no obligation to notify the employee of his right to an appeal to the Board unless the employee "puts the government on notice that he views his resignation as involuntary." *Clark v. United States Postal Serv.*, 989 F.2d 1164, 1169 (Fed. Cir. 1993).

Where the agency has no obligation to inform an employee of his right to appeal a Board action, the employee must act diligently in discovering a right of appeal and promptly filing upon learning of the right of appeal. *Gaynor v. United States Postal Serv.*, 43 M.S.P.R. 481, 484 (1990).  The appellant here bears the burden of proof, by a preponderance of the evidence, with respect to timeliness of appeal. 5 C.F.R. §§ 1201.56(a)(2)(ii), 1201.22(c) (2012).  This court will not substitute its own judgment for that of the Board in granting a waiver of a time limit based on a showing of good cause. *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992).

Searcy argues the agency had an obligation to inform him of his right to appeal and that the Board abused its discretion by not waiving the filing deadline for his constructive resignation claim.[1]  The AJ below applied some

---

[1]    Searcy argues that equitable tolling should apply, but did not raise this argument with the AJ.  The Board correctly did not consider this argument because Searcy

of the factors from *Walls v. Merit Systems Protection Board*, 29 F.3d 1578 (Fed. Cir. 1994), in deciding whether there was good cause for waiving the deadline. Those non-exclusive factors are: (1) length of delay, (2) whether the appellant was notified of the time limit, (3) the existence of circumstances beyond the appellant's control which affected his ability to comply with the time limits, (4) the degree to which negligence by the appellant has been shown to be present or absent, and (5) circumstances which show that any neglect involved is excusable neglect. *Id.* at 1582.

The AJ determined that, even assuming notice was required, Searcy's appeal of a purported adverse action is untimely. As the AJ stated, Searcy has not produced evidence showing when he first learned of his appeal rights and that he used diligence in filing his appeal. And the Board noted Searcy's initial EEOC appeal in 1999 as evidence that Searcy did not act with diligence in filing his appeal. The Board found, moreover, that there is nothing in the record which indicates that notice was required. The Board found that Searcy produced no evidence that he notified the USDA of a belief that his separation was involuntary, and that the long delay of thirty-three years between his separation and filing with the MSPB justified a ruling that Searcy did not act in a reasonably prudent fashion in discovering any appeal rights he might have possessed.

We agree. Searcy does not allege that he put anyone on notice at the time he left the USDA employ that he considered his termination to be involuntary. Absent such notice by Searcy to the USDA, no notification to Searcy of his right to an appeal was required. *See Clark*,

---

failed to show new evidence that merited review of a new argument. *See* 5 C.F.R. § 1201.114(i).

989 F.2d at 1169. Therefore, we find that the Board's conclusion that Searcy's appeal was untimely was not an abuse of discretion.

## B.

Searcy also argues, in *Searcy v. USDA*, that the Board abused its discretion by dismissing his USERRA and VRRA claims for failure to state a claim upon which relief can be granted. Searcy alleges, generally, the following violations of the USERRA and the VRRA: (1) false declaration of abandonment, resulting in termination of his veterans' preference status; (2) false due process certification for withdrawal of funds from his CSRS account; (3) failure to provide notice of appeal rights; (4) ongoing denial of re-employment.

## 1.

Searcy did not explicitly assert substantive rights under the USERRA to the Board, but, as the Board did below, we first address his claims under the substantive provisions of the USERRA, enacted in 1994 as the successor statute to the VRRA. As the Board explained, the USERRA grants the MSPB jurisdiction to hear VRRA claims, but the USERRA's substantive law is not retroactive. *See Fernandez v. Dep't of Army*, 234 F.3d 553, 555-57 (Fed. Cir. 2000). The USERRA provides protection for veterans, reservists, and active duty members of the military from discrimination in reemployment on the basis of their military service. 38 U.S.C. § 4311(a) (2006). To make a claim for discrimination under the USERRA, "claimants must show evidence of discrimination other than the fact of non-selection and membership in the protected class." *Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1015 (Fed. Cir. 2001).

With the exception of his claim of continued reemployment discrimination, Searcy's claims all occurred in the 1970's. The USDA declared that Searcy abandoned his position in 1977, his funds were withdrawn in 1979, and notice of appeal rights, if due, would have been due in 1979. As these claims accrued prior to 1994, the USERRA does not provide a valid basis for Searcy's claims. We agree with the Board's dismissal of these three claims, and find that it was not an abuse of discretion.

Searcy's claims of continued reemployment discrimination were also correctly dismissed for failure to state a claim. Searcy claims to have inquired about or applied for several jobs since 2005, including two with the USDA (none with the Forest Service). But Searcy did not state whether he had completed or submitted a formal application for any of these jobs. As the Board determined, although Searcy has proven that he is a veteran under § 4311(a), he has not proven non-selection because he has not shown actual application—let alone denial—for any position. Further, even if he had shown non-selection, he has shown no evidence of discrimination. *See Sheehan*, 240 F.3d at 1015. The dismissal of this claim was not, accordingly, an abuse of discretion.

## 2.

The Board also analyzed and dismissed Searcy's pre-1994 claims for failure to state a claim under the VRRA. The VRRA was not as broad as the USERRA; it only provided active military reservists protection from reemployment discrimination on the basis of their membership in the military reserves. 38 U.S.C. § 2108(b)(3) (1988). Searcy acknowledges in his reply brief that he was not a member of the reserves at the time the offending acts occurred. As such, Searcy has no protection from discrimination under the VRRA for those claims. The dis-

missal of Searcy's claims under the VRRA was not, therefore, an abuse of discretion.

## C.

Searcy also argues that the dismissal of his VEOA claim for lack of jurisdiction was an abuse of discretion. To establish Board jurisdiction over an appeal brought under the VEOA, an appellant must:

> (1) show that he exhausted his remedy with DOL and (2) make nonfrivolous allegations that (i) he is a preference eligible within the meaning of the VEOA, (ii) the action(s) at issue took place on or after the October 30, 1998 enactment date of the VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veteran's preference.

*Abrahamsen v. Dep't of Veterans Affairs*, 94 M.S.P.R. 377, 379 (citing 5 U.S.C. § 3330a). Whether the Board has jurisdiction over an appeal is a question of law that the court reviews de novo. *Stoyanov v. Dep't of Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007). The petitioner has the burden of establishing jurisdiction by the preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i) (2012); *Stoyanov*, 474 F.3d at 1379.

Searcy asserts that the enforcement of his prior denial of his VRRA rights caused continuing VEOA violations after the VEOA's 1998 enactment, specifically when other applications were being accepted without consideration of Searcy's preference-eligible status. Searcy also argues that the determination that he has not shown that he has exhausted his remedies under the VEOA with the DOL is an abuse of discretion. The USDA argues that the letter from the DOL produced by Searcy does not support Searcy's position because it is only evidence—at best—of

an informal allegation that cannot be substituted for a formal complaint. [2]

To exhaust his remedy with the DOL under the VEOA, an appellant must inform the agency of the precise ground of the charge with sufficient basis to pursue an investigation. *Gingery v. Dep't of Treasury*, 403 F. App'x 498 (Fed. Cir. 2010). As the Board correctly found, the DOL letter's reference to possible claims under the VEOA is insufficient to demonstrate exhaustion of remedies. In fact, the letter from the DOL to Searcy explicitly identifies fundamental flaws in Searcy's complaint and identifies steps necessary for Searcy to make a proper complaint under the VEOA. Specifically, Searcy at no point specifically stated the jobs for which he applied and as to which he asserts his veteran's preference rights under VEOA were violated. The Board's dismissal of Searcy's VEOA claim for lack of jurisdiction was proper.

## D.

Searcy additionally alleges that the lack of notice of the removal of his retirement funds in 1979 was a violation of his procedural due process rights. The OPM debt collection procedures currently require that the creditor agency, on both Form 1552 and Standard Form 2805, include a typed and signed certification of due process rights in compliance with the OPM's standards. Specifically, Searcy claims that the USDA fraudulently filled out OPM Form 1552's certification of due process rights. But,

---

[2] The parties dispute whether the DOL letter is properly included in the record before us, but, for purposes of determining jurisdiction, it is ultimately irrelevant to the conclusion because we find it insufficient to establish exhaustion of remedies with the DOL. Furthermore, the reference to the DOL letter by the Board suggests that it is in the record.

Searcy has not produced this form, or identified any evidence upon which to base an allegation of fraud, and the Standard Form 2805 used to collect Searcy's debt from his retirement account contained no due process certification.

The Board's jurisdiction is "limited to those areas specifically granted by statute or regulation." *Cowan v. United States*, 710 F.2d 803, 805 (Fed. Cir. 1983). The burden of establishing jurisdiction by a preponderance of the evidence rests with the appellant, 5 C.F.R. § 1201.56(a)(2)(i), who "must make a nonfrivolous allegation of jurisdictional facts." *Lourens v. Merit Sys. Prot. Bd.*, 193 F.3d 1369, 1370 (Fed. Cir. 1999). In *Miller v. Office of Personnel Management*, we found that the Board had jurisdiction, concurrent with OPM jurisdiction, to ensure that proper due process procedures were followed by a claimant agency pursuant to OPM regulations, even though the Board did not have jurisdiction to hear a challenge to the action by the claimant agency. 449 F.3d 1374, 1379-80 (Fed. Cir. 2006). But, in determining that the Board possessed jurisdiction to consider those specific due process concerns, the court in *Miller* relied on statutes and regulations that became law after Searcy's claims accrued. The first, 31 U.S.C. § 3716, governing administrative offset, came into effect in 1983. *See* 96 Stat. 2467 (1983). The second, 31 C.F.R. § 901.3(b)(4), came into effect in 2000. *See* 65 Fed. Reg. 70390-01 (Nov. 22, 2000). Absent a similar OPM regulation or statute that would confer jurisdiction at the time that Searcy's claims accrued—and we are aware of none that would apply to the attachment of Searcy's retirement account—the reasoning set forth in *Miller* cannot apply here.

We therefore find that the Board lacks jurisdiction over Searcy's claims for violations of due process in con-

nection with the removal of funds from his retirement account.

## IV.

We have considered Searcy's arguments and find them unpersuasive. The Board's decisions in *Searcy v. Merit Systems Protection Board*, No. AT-0752-11-0243-I-1, and *Searcy v. Department of Agriculture*, No. AT-4324-10-0356-B-1, are *affirmed*.

### **AFFIRMED**

### COSTS

Each party shall bear its own costs.