NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**ANDREW SEARCY, JR.,**
*Petitioner,*

**v.**

**DEPARTMENT OF AGRICULTURE,**
*Respondent.*

———————————

2013-3175

———————————

Petition for review of the Merit Systems Protection Board in No. AT4324120759-I-1.

———————————

Decided:  February 21, 2014

———————————

ANDREW SEARCY, JR., of Peachtree City, Georgia, pro se.

JANE C. DEMPSEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and STEVEN J. GILLINGHAM, Assistant Director.

———————————

Before DYK, MOORE, and WALLACH, *Circuit Judges.*

PER CURIAM.

Andrew Searcy, Jr. appeals from the final order of the Merit Systems Protection Board (Board) dismissing his appeal as barred by res judicata. *Searcy v. Dep't of Agric.*, No. AT-4324-12-0759-I-1 (M.S.P.B. Aug. 5, 2013) (*Final Order*). For the reasons discussed below, we *affirm*.

## BACKGROUND

Mr. Searcy worked for the United States Department of Agriculture (USDA) after serving on active military duty for nearly three years. He subsequently enrolled full-time in a post-graduate training program. Under the Government Employees Training Act, USDA agreed to pay Mr. Searcy's tuition in exchange for his employment with USDA after the training program or repayment of the training costs. However, Mr. Searcy left school without completing his program and did not return to his position at USDA. In 1977, USDA terminated him for separation by abandonment. USDA also placed a lien on Mr. Searcy's retirement account for the debt he owed from the training program.

Prior to the case before us, Mr. Searcy filed two other Board appeals. In the first, Mr. Searcy alleged that he was constructively terminated. The Board dismissed Mr. Searcy's appeal for lack of jurisdiction because it was untimely filed, and we affirmed. *Searcy v. Merit Sys. Prot. Bd.*, 486 F. App'x 117, 121–23 (Fed. Cir. 2012). In the second, Mr. Searcy alleged that USDA's termination based on abandonment and its withdrawal of funds from his retirement account violated the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-35 (2006) (USERRA), and the Veterans' Reemployment Rights Act of 1940 (VRRA). The Board dismissed Mr. Searcy's USERRA and VRRA claims for

failure to state a claim upon which relief can be granted. We affirmed, explaining that USERRA's substantive law is not retroactive and thus does not apply to USDA's pre-1994 acts that were the subject of Mr. Searcy's claims. *Id.* at 121, 123–24. We also explained that Mr. Searcy was not eligible for protection under the VRRA because he was not an active reservist at the time USDA terminated him and withdrew funds from his retirement account. *Id.* at 124.

Returning to the Board for the third time, Mr. Searcy alleged that USDA violated USERRA by terminating him for separation by abandonment and withdrawing funds from his retirement account. He also alleged that USDA breached the agreement to pay his tuition. Relying on *Hernandez*, Mr. Searcy contended that these actions violated his rights under the Veterans' Preference Act of 1944 (VPA) and that the Board had the authority to adjudicate his USERRA § 4324(c)(1) claim because the VPA was in effect at the time of USDA's offending acts. *See Hernandez v. Dep't of Air Force*, 498 F.3d 1328, 1331 (Fed. Cir. 2007) (holding that "where a governmental action violated a veterans' protection statute in effect at the time the conduct occurred, the board has jurisdiction under USERRA [38 U.S.C. § 4324(c)(1)] to adjudicate claims arising from that past violation," even if it occurred before 1994).

The Board affirmed the administrative judge's (AJ) initial decision dismissing Mr. Searcy's claims as barred by res judicata. *Final Order* at 3–4. The Board recognized that it had jurisdiction to hear Mr. Searcy's USERRA claim alleging a violation of VPA because VPA was in effect at the time of the alleged acts. *Id.* at 3. However, the Board found that Mr. Searcy's claim was barred by res judicata based on the decision against him in his prior USERRA/VRRA appeal. *Id.* at 4. Therefore, the Board dismissed his appeal. *Id.* at 2.

Mr. Searcy appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9) (2012).

DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2012). Res judicata applies when (1) the parties are identical or in privity, (2) there has been an earlier final judgment on the merits of the first claim, and (3) the second claim is based on the same set of transactional facts as the first. *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003).

On appeal, Mr. Searcy argues that res judicata does not apply because the Director of the Office of Personnel Management (OPM) did not participate in the prior appeal. He contends that the Board was required by 5 U.S.C. § 7701(d)(2) to provide notice of his prior appeal to the Director, who has a right to intervene. Mr. Searcy contends that, because the Board did not provide such notice, a necessary party was not joined to the prior appeal and thus res judicata cannot apply.

Mr. Searcy also argues that res judicata does not apply because the AJ in the prior appeal concealed from him that the Board had jurisdiction to adjudicate his VPA claim under § 4324(c)(1) of USERRA. Mr. Searcy argues that he could have brought the claims in his prior appeal under § 4324(c)(1), but that the AJ "failed to . . . inform, concealed, misrepresented, and/or . . . otherwise misled" him about the prerequisites of bringing a claim under § 4324(c)(1). He asserts that res judicata should not apply because these alleged misrepresentations prevented him from being able to bring a claim under § 4324(c)(1) in the

prior appeal, thus denying him a valid final judgment on the merits.

We agree with the Board that Mr. Searcy's appeal is precluded by res judicata. The parties in Mr. Searcy's prior and current appeals—Mr. Searcy and USDA—are identical. The prior appeal proceeded to a final judgment on the merits when we upheld the Board's decision to dismiss Mr. Searcy's USERRA and VRRA claims for failure to state a claim. *See Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 686 (Fed. Cir. 1992) (dismissal for failure to state a claim is a final decision on the merits). Finally, the prior and current appeals involve the same set of transactional facts—USDA's removal of Mr. Searcy by reason of abandonment and its withdrawal of funds from Mr. Searcy's retirement account. We find no error with the AJ's determination that the facts surrounding Mr. Searcy's allegations of breach of the tuition payment agreement were factually "intertwined" with USDA's removal by abandonment.

Mr. Searcy's arguments do not preclude the application of res judicata. First, res judicata applies despite the Board's failure to notify the Director of OPM. Section 7701(d)(2) only requires the Board to notify the Director "whenever the interpretation of any civil service law, rule, or regulation under the jurisdiction of [OPM] is at issue." 5 U.S.C. § 7701(d)(2). Mr. Searcy's prior appeals raised no such issues. Thus, the Board was not required to notify the Director.[1]

---

[1] In its brief, the government asserts that Mr. Searcy's claim that the Director must be joined is "baseless" and "inapplicable" to the current appeal. On December 5, 2013, Mr. Searcy filed a "Motion for Judgment" alleging that the government's characterization of his

Second, the AJ's failure to instruct Mr. Searcy that he could have pursued his prior appeal under § 4324(c)(1) does not preclude the application of res judicata.[2] The AJ was not required to inform Mr. Searcy of other legal theories upon which he may have relied to pursue his claims. Moreover, nothing in the record supports Mr. Searcy's allegations that the AJ made any misrepresentations to Mr. Searcy about the scope of the Board's jurisdiction.

CONCLUSION

We have considered the remainder of Mr. Searcy's arguments and do not find them persuasive. We affirm the Board's dismissal of Mr. Searcy's appeal.

**AFFIRMED**

---

position amounted to a fraud upon the court. That motion is denied.

[2] Mr. Searcy also argues that res judicata should not apply because his prior appeal was dismissed for lack of jurisdiction, which is not a final judgment. While Mr. Searcy is correct that his prior constructive termination appeal was dismissed for lack of jurisdiction, the AJ and the Board relied on his prior USERRA/VRRA appeal for res judicata purposes. That appeal was dismissed for failure to state a claim and *is* a final judgment for res judicata purposes.