NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE ANDREW SEARCY, JR.,**
*Petitioner.*

---

2014-140

---

On Petition for Writ of Mandamus to the Merit Systems Protection Board.

---

**ON PETITION**

---

Before DYK, MOORE, and WALLACH, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Andrew Searcy seeks a writ of mandamus directing the Merit Systems Protection Board (Board) to reopen and adjudicate his previously dismissed claims. The Department of Agriculture opposes. Mr. Searcy replies and submits a motion for judgment, which repeats the arguments made in the petition.

Mr. Searcy had previously raised claims under the Uniformed Services Employment and Reemployment Rights Act of 1994, the Veterans' Reemployment Rights Act of 1940, and the Veterans Employment Opportunity Act of 1998. Those claims were addressed by this court in

two previous appeals. *See Searcy v. Merit Sys. Protection Bd.*, 486 Fed. Appx. 117, 121-24 (Fed. Cir. 2012) (affirming the Board's dismissal of Mr. Searcy's claims), *Searcy v. Dep't of Agric.*, 557 Fed. Appx. 975, 979 (Fed. Cir. 2014) (affirming the Board's dismissal of Mr. Searcy's claims based on res judicata).

The remedy of mandamus may be "invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976). Accordingly, a party seeking mandamus must show a "clear and indisputable" right to relief, no adequate alternative means to obtain the relief desired, and that issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004) (internal citations omitted).

At a minimum, given our prior conclusions about Mr. Searcy's claims, he has no "clear and indisputable" right to challenge the now final decisions of the Board by way of mandamus.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition for writ of mandamus is denied.

(2)  All other pending motions are denied.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s24