NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANDREW SEARCY, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2018-1370

---

Petition for review of the Merit Systems Protection Board in No. AT-4324-12-0759-C-1.

---

Decided: July 10, 2018

---

ANDREW SEARCY, JR., Peachtree City, GA, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE MICHELLE SMITH.

---

Before MOORE, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

Andrew Searcy, Jr. ("Searcy") appeals from the final decision of the Merit Systems Protection Board ("the Board") dismissing his "Petition for Enforcement and/or Motion for Corrected Judgement" for lack of jurisdiction. *Searcy v. Dep't of Agric.*, No. AT-4324-12-0759-C-1, 2017 MSPB LEXIS 5383 (M.S.P.B. Dec. 26, 2017) ("*Decision on Appeal*"). For the reasons discussed below, we *affirm*.

BACKGROUND

This appeal is the latest in a series of appeals Searcy has filed relating to his departure from employment with the Department of Agriculture ("the agency") in the 1970s. Prior to his employment with the agency, Searcy served on active military duty for nearly three years. *Searcy v. Merit Sys. Prot. Bd.*, 486 F. App'x 117, 119 (Fed. Cir. 2012) ("*Searcy I*"). Searcy subsequently enrolled full-time in a post-graduate program and signed an agreement with the agency whereby it would pay his tuition and salary in exchange for his continued employment for a specified period or repayment of the training costs. *Id.*

In 1977, Searcy left the training program without completing it and did not return to his position at the agency. *Id.* The agency thereafter terminated his employment for separation by abandonment and placed a lien on his retirement account to satisfy the debt he owed for the tuition payments. *Id.*

Almost twenty years after he left his employment, Searcy sought Equal Employment Opportunity ("EEO") counseling, alleging that the agency had discriminated against him based on race, and that he was coerced into resigning. *Id.* He subsequently filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was dismissed as untimely. *Id.*

In 2006, Searcy received notice from the Office of Personnel Management ("OPM") that his application for deferred retirement was denied because his retirement

contributions had been forfeited to pay his tuition debt. *Id*. at 119–20. Searcy filed a second EEO complaint in 2008, alleging that his retirement contributions "were forfeited due to forced termination on the basis of race." *Id*. at 120. The EEOC administrative judge dismissed that complaint as untimely. *Id*.

In 2009, Searcy submitted a complaint to the U.S. Department of Labor ("DOL"), alleging that the agency violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and the Veterans' Reemployment Rights Act of 1940 ("VRRA") by discriminating against him based on his status as a veteran. He also filed a complaint with the U.S. Office of Special Counsel ("OSC") asserting the same claims. Both DOL and OSC denied his complaints.

In 2010, Searcy filed an appeal with the Board, which the Board later docketed as two separate appeals. In one appeal, Searcy alleged that he was constructively terminated. The Board dismissed that appeal for lack of jurisdiction because it was untimely filed. *Id*. at 121. In the other appeal, Searcy asserted claims under USERRA, VRRA, and the Veterans Employment Opportunity Act of 1998 ("VEOA"). *Id*. In 2011, the Board dismissed the USERRA and VRRA claims for failure to state a claim upon which relief could be granted and dismissed the VEOA claim for lack of jurisdiction. *Id*. Searcy appealed both Board decisions to this court, and we affirmed them in a single decision. *Id*. at 118–19.

Undeterred, in 2012, Searcy filed another appeal with the Board, alleging that the agency violated his USERRA rights by terminating him for separation by abandonment and withdrawing funds from his retirement account. *Searcy v. Dep't of Agric.*, 557 F. App'x 975, 977 (Fed. Cir. 2014) ("*Searcy II*"). He also alleged that the agency breached the agreement to pay his tuition. *Id*. An administrative judge ("AJ") dismissed Searcy's claims as "barred

by res judicata based on the decision against him in his prior USERRA/VRRA appeal." *Id*. The Board affirmed that decision in August 2013, agreeing with the AJ that res judicata precluded Searcy's claims. *Id*. Searcy appealed that decision to this court, and we affirmed the Board's dismissal. *Id*. at 978.

Searcy subsequently filed a petition for a writ of mandamus, asking this court to order the Board to reopen and adjudicate his previously dismissed claims. We denied the petition, finding that Searcy had no "clear and indisputable" right to challenge the Board's final decisions by way of mandamus. *In re Searcy*, 572 F. App'x 986 (Fed. Cir. 2014).

In December 2017, Searcy filed what he captioned as a "Petition for Enforcement and/or Motion for Corrected Judgement" in connection with the Board's August 2013 decision. *Decision on Appeal*, 2017 MSPB LEXIS 5383, at *2. Specifically, Searcy stated that he was seeking enforcement of the Board's order in that case. *Id*. In the alternative, Searcy moved for a "Corrected Judgement," seeking to overturn the Board's res judicata decision. *Id*. at *3.

On December 26, 2017, the AJ issued an initial decision dismissing Searcy's petition and motion for lack of jurisdiction. *Id*. at *2–3. The AJ explained that the Board did not issue an order in his favor in its August 2013 decision, "but instead issued a final order finding it lacked jurisdiction over the appeal because the doctrine of res judicata applied." *Id*. at *2. Because the Board did not issue an order in Searcy's favor, the AJ found that there was no order to enforce, and thus the Board lacked jurisdiction over the petition for enforcement. *Id*. at *3. As to Searcy's motion for a "Corrected Judgement," the AJ explained that she lacked the authority to set aside the Board's previously entered final decision, which was affirmed by this court. *Id*. Accordingly, the AJ dismissed

Searcy's petition for enforcement and denied his motion for corrective judgment. *Id.*

Because Searcy did not petition the Board to review the AJ's initial decision, it became the final decision of the Board. Searcy timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our jurisdiction to review Board decisions is limited. By statute, we must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The Board's jurisdiction "is not plenary, but is limited to those matters over which it has been granted jurisdiction by law, rule or regulation." *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. *Id.* The petitioner bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Fields v. Dep't of Justice*, 452 F.3d 1297, 1302 (Fed. Cir. 2006).

We agree with the Board that it lacked jurisdiction over Searcy's petition for enforcement. By statute, the Board has the authority to "order any Federal agency or employee to comply with any order or decision issued by the Board . . . and enforce compliance with any such order." 5 U.S.C. § 1204(a)(2). Here, Searcy filed a petition for enforcement pursuant to § 1204(a)(2) in an attempt to overturn the Board's August 2013 decision dismissing his appeal on res judicata grounds. But appellants cannot use § 1204(a)(2) to overturn or otherwise challenge the merits of prior Board decisions. Instead, § 1204(a)(2) gives the Board the authority to enforce

agency compliance with its final decisions and orders. As the AJ explained, moreover, because the Board did not issue an order in Searcy's favor, there is no order for it to enforce. *Decision on Appeal*, 2017 MSPB LEXIS 5383, at *2–3. Accordingly, the Board correctly determined that it lacked jurisdiction over Searcy's petition for enforcement.

On appeal, Searcy cites *McCarthy v. Merit Systems Protection Board*, 809 F.3d 1365 (Fed. Cir. 2016), for the proposition that the Board was required to reopen its previous decisions. Pet'r Informal Br. 4. Searcy's reliance on *McCarthy* is misplaced, however. In *McCarthy*, we held that we have jurisdiction to review a Board decision on a motion to reopen based on a change in law. 809 F.3d at 1373 (declining to address whether "we have jurisdiction to review decisions on motions to reopen that are premised on other grounds"). Here, Searcy never moved to reopen his prior appeals and never identified any intervening change in the law. Because there is no Board decision on reopening for this court to review, *McCarthy* is not applicable.

Even if Searcy had filed a request for reopening with the Board, this case does not meet the requirements for reopening. The Board has the authority to reopen or reconsider a final decision on its own motion "to correct its own errors or to modify its judgment, decree, or order." *Golden v. U.S. Postal Serv.*, 60 M.S.P.R. 268, 272 (1994); *see* 5 U.S.C. § 7701(e)(1)(B). The Board's authority to reopen an appeal "must be exercised within a 'reasonable' amount of time, which the Board has held to be measured in weeks rather than years." *Golden*, 60 M.S.P.R. at 272. The Board has said reopening "may be appropriate where there is clear and material legal error resulting in a conflict between the holding in a decision and controlling precedent or statute." *Anthony v. Office of Pers. Mgmt.*, 70 M.S.P.R. 214, 219 (1996). Reopening may also be appropriate "in the interests of justice, where the evidence is of such weight as to warrant a different outcome." *Id.*

The Board's authority to reopen is discretionary and is generally reserved for "unusual or extraordinary circumstances." *Id.*

Here, Searcy has not identified any unusual or extraordinary circumstances that would warrant reopening or reconsidering any of the Board's decisions in the prior appeals. Instead, he simply disagrees with the Board and maintains that he should have "previously won on the merits."[1] Pet'r Informal Br. 3. We have already affirmed the Board's 2011 decision on his USERRA appeal (*Searcy I*) and the Board's 2013 decision dismissing Searcy's appeal of the same claims based on res judicata (*Searcy II*). We also rejected Searcy's attempt to overturn the Board's final decisions via a mandamus petition. The present appeal is yet another attempt to reverse the Board's final decision on his USERRA appeal. That appeal has been fully litigated, and there is neither a final Board decision on reopening for this court to review nor any grounds for reopening.[2]

---

[1] Throughout his briefing on appeal, Searcy argues that USERRA "supersedes" the application of res judicata. Pet'r Informal Br. 4–5, 8–9. To the extent Searcy suggests that res judicata cannot apply to USERRA claims, that argument is without merit. *See Kimbrough v. Dep't of Defense*, 287 F. App'x 861, 863 (Fed. Cir. 2008) ("[W]e agree with the Board that res judicata precluded Mr. Kimbrough from relitigating allegations of USERRA discrimination relating to his removal."); *Renville v. Dep't of Health & Human Servs.*, 632 F. App'x 611, 613 (Fed. Cir. 2015) ("Mr. Renville's claim under USERRA is also barred under the doctrine of res judicata.").

[2] On June 7, 2018, Searcy filed what he captioned as a "Motion for a Finding of Willfulness," which we construe as a response to this court's Notice of Submission without Oral Argument. Mot. For a Finding of Willful-

CONCLUSION

For the foregoing reasons, and because we find Searcy's remaining arguments are without merit, we *affirm* the Board's final decision.

**AFFIRMED**

---

ness, *Searcy v. Merit Sys. Prot. Bd.*, No. 18-1370 (Fed. Cir. June 7, 2018), ECF No. 38. We have considered Searcy's additional arguments therein and find them unpersuasive.