NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ANDREW SEARCY, JR.,**

*Petitioner*

**v.**

**DEPARTMENT OF AGRICULTURE,**

*Respondent*

_____

2019-2217

_____

Petition for review of the Merit Systems Protection Board in No. AT-4324-17-0226-I-1.

_____

Decided:  May 11, 2020

_____

ANDREW SEARCY, JR., Peachtree City, GA, pro se.

MARGARET JANTZEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by JOSEPH H. HUNT, REGINALD THOMAS BLADES, JR., ROBERT EDWARD KIRSCHMAN, JR.

_____

Before O'MALLEY, BRYSON, and CHEN, *Circuit Judges.*

PER CURIAM.

Andrew Searcy, Jr. appeals from a decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. *See Searcy v. Dep't of Agric.*, No. AT-4324-17-0226-I-1, 2017 MSPB LEXIS 1239 (M.S.P.B. Mar. 16, 2017) ("*Decision on Appeal*"). For the reasons discussed below, we *affirm*.

## I. BACKGROUND

Searcy is a serial appellant before this court. We have, therefore, had several opportunities to recount the history of this case. Most of the details relevant here were thoroughly described in *Searcy v. Merit Sys. Prot. Bd.*, 740 F. App'x 988, 989–90 (Fed. Cir. 2018) ("*Searcy IV*"):

> This appeal is the latest in a series of appeals Searcy has filed relating to his departure from employment with the Department of Agriculture ("the agency") in the 1970s. Prior to his employment with the agency, Searcy served on active military duty for nearly three years. *Searcy v. Merit Sys. Prot. Bd.*, 486 F. App'x 117, 119 (Fed. Cir. 2012) ("*Searcy I*"). Searcy subsequently enrolled full-time in a post-graduate program and signed an agreement with the agency whereby it would pay his tuition and salary in exchange for his continued employment for a specified period or repayment of the training costs. *Id.*
>
> In 1977, Searcy left the training program without completing it and did not return to his position at the agency. *Id.* The agency thereafter terminated his employment for separation by abandonment and placed a lien on his retirement account to satisfy the debt he owed for the tuition payments. *Id.*

Almost twenty years after he left his employment, Searcy sought Equal Employment Opportunity ("EEO") counseling, alleging that the agency had discriminated against him based on race, and that he was coerced into resigning. *Id.* He subsequently filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was dismissed as untimely. *Id.*

In 2006, Searcy received notice from the Office of Personnel Management ("OPM") that his application for deferred retirement was denied because his retirement contributions had been forfeited to pay his tuition debt. *Id.* at 119–20. Searcy filed a second EEO complaint in 2008, alleging that his retirement contributions "were forfeited due to forced termination on the basis of race." *Id.* at 120. The EEOC administrative judge dismissed that complaint as untimely. *Id.*

In 2009, Searcy submitted a complaint to the U.S. Department of Labor ("DOL"), alleging that the agency violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and the Veterans' Reemployment Rights Act of 1940 ("VRRA") by discriminating against him based on his status as a veteran. He also filed a complaint with the U.S. Office of Special Counsel ("OSC") asserting the same claims. Both DOL and OSC denied his complaints.

In 2010, Searcy filed an appeal with the Board, which the Board later docketed as two separate appeals. In one appeal, Searcy alleged that he was constructively terminated. The Board dismissed that appeal for lack of jurisdiction because it was untimely filed. *Id.* at 121. In the other appeal, Searcy asserted claims under USERRA, VRRA, and the Veterans Employment Opportunity Act of

1998 ("VEOA"). *Id.* In 2011, the Board dismissed the USERRA and VRRA claims for failure to state a claim upon which relief could be granted and dismissed the VEOA claim for lack of jurisdiction. *Id.* Searcy appealed both Board decisions to this court, and we affirmed them in a single decision. *Id.* at 118–19.

Undeterred, in 2012, Searcy filed another appeal with the Board, alleging that the agency violated his USERRA rights by terminating him for separation by abandonment and withdrawing funds from his retirement account. *Searcy v. Dep't of Agric.*, 557 F. App'x 975, 977 (Fed. Cir. 2014) ("*Searcy II* "). He also alleged that the agency breached the agreement to pay his tuition. *Id.* An administrative judge ("AJ") dismissed Searcy's claims as "barred by res judicata based on the decision against him in his prior USERRA/VRRA appeal." *Id.* The Board affirmed that decision in August 2013, agreeing with the AJ that res judicata precluded Searcy's claims. *Id.* Searcy appealed that decision to this court, and we affirmed the Board's dismissal. *Id.* at 978.

Searcy subsequently filed a petition for a writ of mandamus, asking this court to order the Board to reopen and adjudicate his previously dismissed claims. We denied the petition, finding that Searcy had no "clear and indisputable" right to challenge the Board's final decisions by way of mandamus. *In re Searcy*, 572 F. App'x 986 (Fed. Cir. 2014) ["*Searcy III*"].

In December 2017, Searcy filed what he captioned as a "Petition for Enforcement and/or Motion for Corrected Judgement" in connection with the Board's August 2013 decision. *Searcy v. Dep't of Agric.*, No. AT-4324-12-0759-C-1, 2017 MSPB

LEXIS 5383 (M.S.P.B. Dec. 26, 2017). Specifically, Searcy stated that he was seeking enforcement of the Board's order in that case. *Id.* In the alternative, Searcy moved for a "Corrected Judgement," seeking to overturn the Board's res judicata decision. *Id.* at *3.

On December 26, 2017, the AJ issued an initial decision dismissing Searcy's petition and motion for lack of jurisdiction. *Id.* at *2–3. The AJ explained that the Board did not issue an order in his favor in its August 2013 decision, "but instead issued a final order finding it lacked jurisdiction over the appeal because the doctrine of res judicata applied." *Id.* at *2. Because the Board did not issue an order in Searcy's favor, the AJ found that there was no order to enforce, and thus the Board lacked jurisdiction over the petition for enforcement. *Id.* at *3. As to Searcy's motion for a "Corrected Judgement," the AJ explained that she lacked the authority to set aside the Board's previously entered final decision, which was affirmed by this court. *Id.* Accordingly, the AJ dismissed Searcy's petition for enforcement and denied his motion for corrective judgment. *Id.*

Because Searcy did not petition the Board to review the AJ's initial decision, it became the final decision of the Board.

Searcy appealed and we affirmed the Board. *Id.* at 992.

Meanwhile, Searcy requested that Department of Labor, Veteran Employment & Training Service ("DOL-VETS") and OSC reopen his claims. On June 13, 2016, DOL-VETS sent Searcy a letter informing him that it was declining to do so. *Decision on Appeal*, 2017 MSPB LEXIS 1239, at *7. On October 14, 2016, OSC informed Searcy that it was declining to reopen his USERRA claim. *Id.* at *7–8.

On October 24, 2016, Searcy filed an appeal to the Board, again alleging that the agency had violated his rights under VEOA and USERRA. *Id.* at *1, 3. Searcy also alleged DOL-VETS and OSC improperly declined to reopen his claims in violation of VEOA. *Id.* at *3.

The AJ issued an initial decision dismissing Searcy's appeal for lack of jurisdiction. The AJ held, based on our decision in *Searcy I*, that Searcy's claims against the agency are barred by the doctrine of res judicata. *Id.* at *6. The AJ further explained that Searcy had failed to establish the Board's jurisdiction over a VEOA claim against DOL-VETS or OSC. *Id.* at *7–10.

Because Searcy withdrew his petition for Board review of the AJ's initial decision, it became the Board's final decision on August 5, 2019. Searcy appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

We must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The Board's jurisdiction "is limited to those matters over which it has been granted jurisdiction by law, rule or regulation." *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. *Id.*

### A. Res Judicata Bars Searcy's Claims Against the Agency

Res judicata bars parties from litigating claims that could have been raised in an earlier-resolved action. *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005).

Specifically, res judicata bars a later claim when (1) the parties are identical or in privity to the parties in a first action, (2) there has been an earlier final judgment on the merits in the first action, and (3) the later claim is based on the same set of transactional facts as those litigated in the first action. *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003).

Searcy argues that res judicata does not apply to his latest claims because "5 U.S.C. § 3330a is distinct in purpose and scope from . . . 5 U.S.C. § 7701(a)(l)." Appellant's Informal Br. ¶ 2. Section 3330a establishes a substantive cause of action under the VEOA for preference eligible veterans and section 7701 sets out Board appellate procedures. Searcy's argument seems to be contending that, although he previously litigated his substantive rights related to his 1977 dismissal from the agency, his procedural rights were violated by the Board's *sua sponte* application of the doctrine of res judicata in this case. His argument fails.

The Board followed an appropriate procedure prior to applying res judicata to find that it did not have jurisdiction over Searcy's case. Specifically, the Board informed Searcy of its suspicion that his claims may be barred and allowed Searcy to respond. *Decision on Appeal*, 2017 MSPB LEXIS 1239, at *2–3. This process was sufficient to protect Searcy's process rights. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) ("The essential requirements of due process . . . are notice and an opportunity to respond."). And, once the Board determined that it did not have jurisdiction to hear Searcy's case, Searcy had no additional rights under 5 U.S.C. § 7701(a)(1), which applies only in cases where the Board has jurisdiction.

Searcy's attempt, moreover, to distinguish this action from his earlier cases fails. Here, he once again raises the same set of facts as in his four earlier appeals and brings the same substantive claims against the same party. *See*

*Ammex, Inc.*, 334 F.3d at 1055. Accordingly, we, once again, hold that Searcy's claims against the agency are barred by res judicata.

### B. Searcy Fails to Establish Jurisdiction Over a Claim Against DOL-VETS and OSC under VEOA

To establish the Board jurisdiction over a VEOA claim, Searcy must:

> (1) show that he exhausted his remedies with the Department of Labor and (2) make nonfrivolous allegations that (i) he is preference eligible within the meaning of the VEOA, (ii) the action(s) at issue took place on or after the October 30, 1998 enactment date of the VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veteran's preference.

*Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012) (brackets omitted).

The Board held that Searcy's claims could not meet these requirements for three reasons: (1) Searcy presented no authority to support the proposition that declining to reopen an investigation is actionable under VEOA, (2) VEOA contemplates investigation of employing agencies not the investigatory body itself, and (3) Searcy's allegations relate not to DOL-VETS or OSC violating his rights under a statute or regulation relating to veterans' preference, but to the investigatory agency's case processing. *Decision on Appeal*, 2017 MSPB LEXIS 1239, at *9. Searcy does not appear to challenge the Board's conclusions. *See* Appellant's Inf. Br. at 15 ("The Board is correct that appellant never intended to state a VEOA claim as a result of having exhausted his remedies . . . ."). For completeness, however, we agree with the Board that Searcy indisputably fails to make any nonfrivolous allegation that DOL-VETS or OSC violated his rights under a statute or regulation relating to veteran's

preference by declining to reopen and investigate his complaint of his 1977 separation from the agency. We thus affirm the Board's holding that Searcy failed to establish the Board's jurisdiction over a VEOA claim against DOL-VETS and OSC.

### III. CONCLUSION

We have considered Searcy's remaining arguments, but find them unpersuasive. We *affirm* the Board's dismissal of Searcy's appeal for lack of jurisdiction.[1]

**AFFIRMED**

COSTS

No costs.

---

[1] On December 10, 2019, Searcy filed with this court a "Motion for Fraud Based Summary Judgment," ECF No. 30. The motion requests summary judgment pursuant to Federal Rule of Civil Procedure 56 or relief from judgment pursuant to Rule 60(b)(3). On January 16, 2020, Searcy filed a "Motion for Leave to Correct or Modify the Record," ECF No. 31, which argues that the government's failure to respond to his December 10th motion indicates non-opposition and entitles him to the requested relief. The Federal Rules of Civil Procedure are not an appropriate basis for relief requested for the first time on appeal. Accordingly, we deny Searcy's motions.