NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANDREW SEARCY, JR.,**
*Petitioner*

**v.**

**DEPARTMENT OF AGRICULTURE,**
*Respondent*

---

2020-2089

---

Petition for review of the Merit Systems Protection Board in No. AT-1221-17-0227-W-1.

---

Decided: January 21, 2021

---

ANDREW SEARCY, JR., Peachtree City, GA, pro se.

MARGARET JANTZEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JEFFREY B. CLARK, REGINALD THOMAS BLADES, JR., ROBERT EDWARD KIRSCHMAN, JR.

---

Before LOURIE, SCHALL, and DYK, *Circuit Judges.*

PER CURIAM.

## DECISION

Andrew Searcy, Jr., petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal for failure to state a claim upon which relief could be granted and as precluded by the doctrine of res judicata. *See Searcy v. Dep't of Agric.*, No. AT-1221-17-0227-W-1 (M.S.P.B. Mar. 16, 2017). For the reasons set forth below, we *affirm*.

## DISCUSSION

### I.

Mr. Searcy joined the Department of Agriculture ("USDA" or "agency") in 1974. Subsequently, he enrolled in a full-time post-graduate program at Northwestern University under an agreement to remain in the employment of the agency in exchange for tuition benefits. *Searcy v. Merit Sys. Prot. Bd.*, 486 F. App'x 117, 119 (Fed. Cir. 2012) ("*Searcy I*"). Mr. Searcy left Northwestern University in 1977, however, without completing his program and did not return to his position with USDA. *Id.* As a result, the agency terminated him for separation by abandonment, effective May 30, 1977. At the time of his termination, Mr. Searcy was in debt to the agency in the amount of $11,036.99. For that reason, USDA placed a lien in that amount on his Civil Service Retirement System account. *Id.*

On June 12, 2006, Mr. Searcy was notified that his application for deferred retirement was denied because his retirement contributions had been forfeited to pay his debt to USDA. *Id.* at 119–20. On February 6, 2008, Mr. Searcy filed an Equal Employment Opportunity Commission ("EEOC") complaint alleging discrimination on the basis of

race. *Id.* at 120.[1] In his complaint, Mr. Searcy alleged that his retirement contributions were forfeited because of his forced termination by USDA on the basis of race. *Id.* EEOC dismissed the complaint on July 21, 2009 as untimely. *Id.*

In 2010, Mr. Searcy appealed to the Board, alleging that he was constructively terminated by USDA in 1977. He also alleged that the agency had violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), the Veterans' Reemployment Rights Act ("VRRA"), and the Veterans Employment Opportunity Act ("VEOA") by terminating him based upon abandonment, by withdrawing money from his retirement funds, and by denying him employment. *Id.* at 120–21. The Board dismissed Mr. Searcy's constructive termination claim as untimely, *id.* at 121, and it dismissed his USERRA and VRRA claims for failure to state claims upon which relief could be granted. *Id.* Finally, the Board dismissed Mr. Searcy's VEOA claim for lack of jurisdiction because he had failed to show that he had exhausted his remedies with the Department of Labor. *Id.* In *Searcy I*, we affirmed the Board's decisions. *Id.* at 125.

On October 24, 2016, Mr. Searcy filed an appeal with the Board alleging prohibited personnel practices in violation of 5 U.S.C. § 2302.[2] Specifically, Mr. Searcy alleged

---

[1]    Mr. Searcy had previously filed an EEOC complaint in 1999. That complaint was dismissed because Mr. Searcy had failed to timely contact an equal Employment Opportunity counselor. *Id.* at 119.

[2]    Following *Searcy I*, and prior to his October 2016 appeal, Mr. Searcy filed two other appeals with the Board and three actions in this court. *See Searcy v. Dep't of Agric.*, 557 F. App'x 975 (Fed. Cir. 2014) ("*Searcy II*"); *In re Searcy*, 572 F. App'x 986 (Fed. Cir. 2014) ("*Searcy III*"); *Searcy v.*

that, in the course of his separation from USDA in 1977, the agency had violated his rights under VEOA and USERRA by (1) breaching a continuing service after training agreement; (2) terminating him for abandonment of his position; and (3) withdrawing funds from his Civil Service Retirement Account.  In response to a jurisdictional order from the Board, Mr. Searcy also alleged that the Department of Labor Veterans Employment & Training Service ("DOL-VETS") and the Office of Special Counsel ("OSC") had improperly declined to reopen his VEOA and USERRA claims, and that those denials constituted prohibited personnel practices in violation of 5 U.S.C. § 2302 and the Whistleblower Protection Enhancement Act ("WPEA"). Pet'r's App. 16–17; Suppl. App. 1–2.

The Board issued two initial decisions on March 16, 2017, dismissing the appeal for lack of jurisdiction.  In MSPB No. AT-4324-17-0266-I-1, the Board ruled that Mr. Searcy's USERRA and VEOA claims regarding his separation from USDA were barred by res judicata, citing our decision in *Searcy I* that USERRA could not provide a valid basis for Mr. Searcy's claims.  Suppl. App. 3–4.  The Board also ruled that, to the extent Mr. Searcy was attempting to raise a claim of an agency violation of the Veterans Preference Act of 1944 ("VPA"), the Board does not have jurisdiction over VPA claims in the context of a USERRA appeal. *Id.* at 4.  Finally, the Board ruled that Mr. Searcy had failed to state a claim under the VEOA against DOL-VETS and OSC, on the ground that declining to reopen a case is not actionable under the VEOA.  *Id.* at 5–6.  After the initial decision became final, Mr. Searcy appealed, and we affirmed.  *See Searcy v. Dep't of Agric.*, 813 Fed App'x 472, 475 (Fed. Cir. 2020) ("*Searcy V*").

---

*Merit Sys. Prot. Bd.*, 740 F. App'x 988 (Fed. Cir. 2018) ("*Searcy IV*").

The second initial decision by the Board on March 16, 2017, was in MSPB No. AT-1221-17-0227-W-1, the decision on appeal here.  In it, the Board addressed whether Mr. Searcy had stated a claim under the WPEA with respect to the refusal of DOL-VETS and OSC to reopen and to investigate his complaints concerning his 1977 separation from USDA.  Pet'r's App. 18.  The Board determined that Mr. Searcy could not state such a claim because declining to reopen and investigate a complaint does not constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A) over which the Board could exercise jurisdiction under the WPEA.  *Id.* at 19.  The Board also determined that Mr. Searcy's claim was "ultimately premised on the very same factual predicate that has been previously investigated and litigated—his 1977 separation from the Department of Agriculture." *Id.* at 20.  For the same reasons discussed in the Board's initial decision in MSPB No. AT-4324-17-0226-I-1, the Board ruled that relitigation of Mr. Searcy's separation from USDA was barred by res judicata.  *Id.*  After the Board's initial decision became final, Mr. Searcy appealed. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review of a decision of the Board is limited. We will affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."   5 U.S.C. § 7703(c).

The Board's jurisdiction "is limited to those matters over which it has been granted jurisdiction by law, rule or regulation." *Searcy V*, 813 F. App'x at 475 (quoting *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008)).  Whether the Board has jurisdiction to adjudicate

an appeal is a question of law, which we review de novo. *Id.*

### III.

Mr. Searcy appears to make two main arguments on appeal.  First, he appears to argue that the Board erred when it failed to grant him a hearing on the issue of jurisdiction.  Pet'r's Br. 6.  Second, he appears to argue that the provisions of USERRA and the VEOA bar the application of res judicata.  *Id.* at 6–7.

To establish that the Board had jurisdiction over his appeal under the WPEA, Mr. Searcy needed to have exhausted his administrative remedies before OSC and to have made "non-frivolous allegations" that he made disclosures or engaged in other protected activity under 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D).  He also needed to have made "non-frivolous allegations" that the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action, as defined by 5 U.S.C. § 2302(a)(2)(A).  *See* 5 U.S.C. §§ 1214(a)(3), 1221; *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371–72 (Fed. Cir. 2001).  The Board held that it lacked jurisdiction because declining to reopen and investigate a complaint does not constitute a "personnel action" under 5 U.S.C. § 2302(a)(2)(A).[3]  As we have previously stated, the Board's jurisdictional analysis may be conducted entirely on the written record and need not involve a hearing.  *Kahn v. Dep't of Justice,* 528 F.3d 1336, 1341 (Fed. Cir. 2008).  We thus see no error in the Board's refusal to grant Mr. Searcy a hearing on the jurisdictional issue.

---

[3]    Mr. Searcy does not appear to challenge this holding and challenges only the Board's denial of his request for a hearing.

Relatedly, Mr. Searcy also appears to argue that the Board erred to the extent it held it lacked jurisdiction over his claim under 5 U.S.C. § 2302(b)(8). In that regard, he contends that his claim was made under 5 U.S.C. § 2302(b)(11). Pet'r's Br. 5. This argument does not help Mr. Searcy. The reason is that, even if he had made his claim under 5 U.S.C. § 2302(b)(11), the Board still would have lacked jurisdiction. The Board's jurisdiction over WPEA claims under 5 U.S.C. § 1221 is limited to "certain reprisal cases," namely, claims under §§ 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D). *See* 5 U.S.C. §§ 1214(a)(3), 1221; *see also Weber v. Dep't of Army*, 9 F.3d 97, 100 (Fed. Cir. 1993) (noting that the Board does not have jurisdiction over claims brought under 5 U.S.C. § 2302(b)(11)).[4]

The Board also did not err in concluding that Mr. Searcy's claim was barred by the doctrine of res judicata. "Res judicata bars parties from litigating claims that could have been raised in an earlier-resolved action." *Searcy I*, 813 F. App'x at 475 (citing *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005)). "Specifically, res judicata bars a later claim when (1) the parties are identical or in privity to the parties in a first action, (2) there has been an earlier final judgment on the merits in the first action, and (3) the later claim is based on the same set of transactional facts as those litigated in the first action." *Id.* (citing *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003)). Mr. Searcy's allegations under the WPEA are premised on the same facts that have been previously investigated and litigated—his 1977 separation from the USDA. At the same time, we do not see anything in the

---

[4]    We note that, in any event, § 2302(b)(11) requires that an agency affirmatively "take, recommend, or approve" or "fail to take, recommend, or approve" a "personnel action" as defined under § 2302(a)(2)(A). There is no indication that this factual predicate exists in this case.

statutory provisions which Mr. Searcy cites that would prevent the application of res judicata in this case.

We have considered Mr. Searcy's remaining arguments and have found them to be without merit.[5]

## CONCLUSION

For the foregoing reasons, we affirm the final decision of the Board.

**AFFIRMED**

COSTS

No costs.

---

[5]    On October 16, 2020, Mr. Searcy filed a "Motion in Support of Inclusion of Notice of Supplemental Authority Corrected Attachments" (Dkt. No. 28).   In addition, on December 10, 2020, he filed a "Motion for Leave to File and Motion For Judgment on the Pleadings" (Dkt. No. 34).  We have considered these motions and they are hereby denied.