NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**STEPHEN W. GINGERY,**
*Petitioner,*

v.

**DEPARTMENT OF THE TREASURY,**
*Respondent.*

---

2010-3093

---

Petition for review of the Merit Systems Protection Board in case no. CH3330090303-I-1.

---

Decided: October 7, 2010

---

STEPHEN W. GINGERY, of Macomb, Michigan, pro se.

DEVIN A. WOLAK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T, MANHARDT, Assistant Director.

---

Before NEWMAN, LOURIE, and BRYSON, *Circuit Judges*.

PER CURIAM.

## DECISION

Petitioner Stephen W. Gingery challenges the decision of the Merit Systems Protection Board denying his request for relief under the Veterans Employment Opportunities Act of 1998 ("VEOA"). We *affirm*.

## BACKGROUND

Mr. Gingery is a preference-eligible veteran with a service-connected disability rating of 30 percent. On June 2, 2008, he applied for a position as an Internal Revenue Agent, GS-05/11, pursuant to vacancy announcement 08PH3-SB0189-512-5T11 ("the 5T11 announcement"). He expressed an interest in the Detroit, Mount Clemens, and Pontiac, Michigan offices. The 5T11 announcement stated that it sought to establish "a standing inventory of eligible applicants." The announcement further specified that applicants who applied before April 28, 2008, would be considered for a position to be filled in September 2008 and that applicants who applied on or after April 28, 2008, would receive consideration for future vacancies. Among the offices designated "for the September 2008 hire" was Pontiac, Michigan. Based on his application date of June 2, 2008, Mr. Gingery was not eligible for consideration for any of the September 2008 positions.

The 5T11 announcement explained that the agency would first determine whether an applicant was "eligible and tentatively qualified" based on his responses to the application questions. Next, the applicant would be invited to complete an on-line assessment. If he passed the on-line assessment, he would be placed into a tenta-

tive category and would be interviewed. If the applicant passed the interview, according to the announcement, he would be "assigned to one of three category groups (A, B, or C)" and veterans' preferences would be applied. For grade levels 5 and 7, the announcement explained,

> [q]ualified veterans who claim preference based on a compensable service-connected disability of 30% or more . . . and those with a compensable service-connected disability of 10% but less than 30% . . . move from their assigned category group to the top of the highest category group (A).

The 5T11 announcement stated that applicants "may be 'tentatively' assigned to a category group pending qualifications validation and assessment results. Final category assignment does not occur until referral on a certificate."

In August 2008, after being notified that he was "tentatively" eligible for the Internal Revenue Agent position at the GS-5, -7, and -9 levels, Mr. Gingery was invited to complete the on-line assessment, which he did. Following his on-line assessment, Mr. Gingery was assigned a "Potential Rating" of "Category B Highly Qualified."

Rather than scheduling an interview in accordance with the prescribed application process, Mr. Gingery filed a VEOA complaint with the Department of Labor ("DOL"). Mr. Gingery's complaint, which referenced the 5T11 announcement, alleged that the Department of the Treasury had violated his veterans' preference rights. In particular, he alleged that "as a 10-point preference eligible with a 30% disability rating, I am entitled to be placed at the top of category A with similar preference eligibles, but I was notified that I was placed in category B." He requested "that my veterans' preference be correctly applied and that I receive all due and proper con-

sideration for the January 2009 hiring time frame." On January 9, 2009, the DOL closed its investigation of Mr. Gingery's complaint without resolution.

Mr. Gingery filed a timely appeal with the Board, asserting that the agency violated 5 U.S.C. § 3319(b) when it "failed to accord the Appellant his veteran's preference with regards to grade levels GS-5 and 7 by failing to place him at the top of Category A" in connection with his job application under the 5T11 announcement. In response, the agency argued that Mr. Gingery's claim was premature because no final category rating had been (or could be) assigned absent an interview and referral on a certificate of eligibles. In the course of the proceedings before the administrative judge, the Department of the Treasury submitted a declaration addressing the hiring process and Mr. Gingery's progress through that process. The declaration stated that Mr. Gingery had completed the initial application and on-line assessment stages but had not yet participated in an interview. As such, Mr. Gingery had received only a "tentative" category rating. According to the declaration, he "will receive a final rating after he is interviewed. If he passes the interview he will then be referred to the business unit on a Certificate of Eligibles. At that time, Mr. Gingery will be placed at the top of Category A . . . for grades 5 and 7 and at the top of Category B for grade 9." The declaration also noted that on September 15, 2008, one individual was hired as an Internal Revenue Agent in Pontiac, Michigan, through the Federal Career Intern Program ("FCIP"). In response to the agency's submission, Mr. Gingery challenged the validity of the FCIP and argued that the agency's use of that program to fill the September 2008 Pontiac vacancy had "deprived [him] of his veterans' preference rights."

The administrative judge denied Mr. Gingery's request for corrective action, concluding that "the record reflects that the appellant has not yet received a final rating, nor been referred on a certificate of eligibles, for the vacancies in question, and that therefore he cannot presently demonstrate any infringement of his preference rights under the VEOA." The administrative judge also addressed the Pontiac FCIP hire, finding that the agency's "filling of such a position in Pontiac pursuant to a separate announcement under the FCIP, did not constitute a violation of [Mr. Gingery's] rights." The full Board affirmed the administrative judge's decision with respect to the 5T11 announcement and dismissed Mr. Gingery's claim regarding the FCIP hire for lack of jurisdiction. Mr. Gingery then petitioned for review by this court.

### DISCUSSION

1. Mr. Gingery requests that this court "disqualify the Merit Systems Protection Board in its entirety and take jurisdiction over the adjudication of the merits of the instant case utilizing the record as modified." In particular, he argues that the Board has "acted hostilely and purposely prejudiced and injured" him, listing various reasons for "the Board's virtual inability to render a 'fair' decision."

To warrant recusal or a new hearing on the basis of prejudice, Mr. Gingery was required to show that the administrative judge or the Board exhibited "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1362 (Fed. Cir. 2002). "[J]udicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge" unless they derive

from an extra-administrative source. *Id.* After reviewing Mr. Gingery's claims of prejudice, we conclude that none of them even remotely satisfies the required standard for bias. We therefore decline the relief Mr. Gingery seeks.

2. On the merits of his appeal, Mr. Gingery does not contest the Board's conclusion that his VEOA claim concerning the 5T11 announcement was premature, nor does he dispute any of the factual findings underlying that decision. Rather, he challenges the agency's use of a "tentative" rating, arguing that the use of a tentative rating is impermissible under the statutes and regulations governing veterans' preference rights, and that even assuming the use of a tentative rating is permissible in some instances, the agency was nevertheless required by the applicable regulation to issue a final rating in his case. We disagree.

Under 5 U.S.C. § 3319(a), an agency may establish category rating systems, in lieu of numerical ratings, for evaluating applicants for positions in the competitive service. When an agency establishes a category rating system, "preference-eligibles shall be listed ahead of individuals who are not preference eligibles." *Id.* § 3319(b). The statute further provides that for other than scientific and professional positions at or above the GS-9 level, "qualified preference-eligibles who have a compensable service-connected disability of 10 percent or more shall be listed in the highest quality category." *Id.* The statute's implementing regulations provide general guidelines for an agency's use of a category rating system. *See* 5 C.F.R. §§ 337.303 to -.304. However, neither the statute nor the regulations specify any particular method for rating applicants, leaving such details to the hiring agency's discretion. Thus, while an agency must "[p]lace applicants in categories based upon their job-related

competencies or their knowledge, skills, and abilities," *see* 5 C.F.R. § 337.303, nothing in the statute or regulations prescribes the particular categories or levels of competence that must be used, and nothing dictates how and whether tentative ratings may be used prior to the issuance of final ratings.

Accordingly, there is no legal support for Mr. Gingery's argument that the Treasury Department's use of tentative ratings was improper. Not only do the applicable rules permit the agency to apply tentative ratings in general, but the 5T11 announcement specifically stated that the agency would apply veterans' preferences in accordance with 5 U.S.C. § 3319(b) upon an applicant's successful completion of an interview. The 5T11 announcement also provided clear notice that, after completing the on-line assessment but before passing the interview, an applicant would be placed into a rating category that would be "tentative."

We likewise reject Mr. Gingery's assertion that the agency was required to assign him a final rating pursuant to 5 C.F.R. § 332.402. That regulation provides that "OPM or a Delegated Examining Unit (DEU) will refer candidates for consideration by simultaneously listing a candidate on all certificates for which the candidate is interested, eligible, and within reach. . . ." The regulation imposes no requirement to assign any category ratings, whether final or tentative. In addition, the regulation requires that an applicant be "eligible," not merely "tentatively eligible." While Mr. Gingery's application indicated that he was both "interested in" and "within reach of" positions in Detroit, Mount Clemens, and Pontiac, Michigan, it is clear that under the agency's procedures, Mr. Gingery would not be regarded as "eligible" for those positions until he successfully passed the required inter-

view.  Prior to verification of eligibility, the agency was not obligated to refer Mr. Gingery on a certificate of eligibles, nor was it obligated to assign him a final category rating.  Accordingly, the agency did not act improperly by assigning Mr. Gingery a "Potential Rating" of Category B, without applying the veteran's preference, prior to his successful completion of an interview under the 5T11 announcement.

Nor is there anything in the record to indicate that Mr. Gingery was prejudiced by the agency's use of a "potential" rating.  In fact, the agency's unrebutted evidence establishes that Mr. Gingery will be moved to the top of Category A (the highest category) for grades 5 and 7 if he passes the interview.  Because Mr. Gingery's appeal regarding the 5T11 announcement is premature in the absence of a final rating, we affirm the Board's denial of relief under the VEOA.

3.  Mr. Gingery also argues that the Board erred in dismissing his claim that the agency violated his veterans' preference rights by using the FCIP to fill the September 2008 vacancy in Pontiac, Michigan.  In particular, Mr. Gingery asserts that the Board improperly interpreted the law to require him to exhaust his administrative remedies as to each individual vacancy announcement.  He further argues that the 2008 FCIP hire, even if made under a separate vacancy announcement, nevertheless filled the same position (Internal Revenue Agent) at the same location (Pontiac, Michigan) specified by Mr. Gingery in his DOL complaint concerning the 5T11 announcement.  Thus, he contends, he has sufficiently exhausted his administrative remedies as to his FCIP claim.  We disagree.

The VEOA requires an individual to exhaust his administrative remedies with the DOL before filing an appeal with the Board.  5 U.S.C. § 3330a(d); *see Waddell v. U.S. Postal Serv.*, 94 M.S.P.R. 411, 414 (2003).  In cases of nonselection under the VEOA, the Board typically determines whether an appellant has exhausted his remedies with the DOL based on whether the appellant submitted a complaint to the DOL "asserting that the agency violated his rights in connection with a specific position or vacancy announcement."  *Wheeler v. Dep't of Def.*, 113 M.S.P.R. 376, 380 (2010).

Even when a complaint refers to a specific position or vacancy announcement, it may nevertheless be insufficient to constitute exhaustion as to particular claims if the complaint does not adequately set forth the basis for those claims, so that the DOL can undertake an appropriate investigation.  As this court has held in the analogous context of whistleblowing claims, exhaustion requires that an appellant "inform the [reviewing agency] of the precise ground of his charge" and provide it with "sufficient basis to pursue an investigation which might have led to corrective action."  *Briley v. Nat'l Archives & Records Admin.*, 236 F.3d 1373, 1377 (Fed. Cir. 2001), quoting *Ward v. Merit Sys. Prot. Bd.*, 981 F.2d 521, 526 (Fed. Cir. 1992); *see also Mintzmyer v. Dep't of the Interior*, 84 F.3d 419, 422 (Fed. Cir. 1996) (no Board jurisdiction over four of eight alleged acts of whistleblower reprisal, because the appellant failed to raise those four alleged agency actions in her complaint before the Office of Special Counsel).  While "allegations of a VEOA violation should be liberally construed," *see Wheeler*, 113 M.S.P.R. at 380, the VEOA requires that complaints to the DOL "contain a summary of the allegations that form the basis for the complaint."  5 U.S.C. § 3330a(a)(2)(B).  Thus, when an appellant's complaint entirely fails to

inform the DOL of a particular alleged violation or ground for relief, the Board lacks jurisdiction over the claim.

Here, Mr. Gingery contends that his DOL complaint asserted a violation of his rights in connection with the specific position that was filled through the FCIP program in September 2008. However, the violation he asserted relates only to the agency's application of veterans' preference to his category rating, not to its use of the FCIP to fill the September 2008 vacancy. The complaint contains no reference to the FCIP. Because Mr. Gingery's DOL complaint did not refer to his FCIP-related allegations or in any way inform the DOL of the need to investigate that claim, Mr. Gingery failed to exhaust his administrative remedies as to that issue.[1]

4. Finally, Mr. Gingery contends that the Board erred in dismissing his claims "with prejudice." He suggests that the Board's "ruling[s] on the merits" trigger the "operation of res judicata" and foreclose any opportunity for him to correct jurisdictional deficiencies or to renew his claims once they ripen. The record reflects that the Board's orders do not have the preclusive effect that he claims.

With respect to the 5T11 announcement, the administrative judge noted Mr. Gingery's own concession that his claims were premature and stated, "When the agency has

---

[1]    In any event, to the extent that Mr. Gingery contends that he should have been considered for the September 2008 vacancy, his claim would appear to have two significant flaws: He failed to meet the filing deadline for that position, and he had not been assigned a final rating or been placed on a certificate of eligibles at the time that position was filled. In view of Mr. Gingery's ineligibility for that position, we reject his procedural arguments as to the agency's use of the FCIP to fill the Pontiac vacancy.

issued him a final rating and referred him on a certificate for the vacancies he is seeking, the appellant may again appeal any alleged violation of his rights under the VEOA implicated by these actions." With respect to Mr. Gingery's other claim, the Board's dismissal rested solely on Mr. Gingery's failure to exhaust his administrative remedies. Nothing in the Board's jurisdictional ruling precludes Mr. Gingery from re-filing such an appeal, after his claim has ripened and he has met all the jurisdictional requirements for obtaining Board review of the merits of his claim.

**AFFIRMED**