# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBERT BOONE,<br>        Appellant, | DOCKET NUMBER<br>CH-3443-16-0057-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DATE: May 4, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert Boone, Belleville, Michigan, pro se.

Kristi Glavich, Detroit, Michigan, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA).  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous

_____

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Because the Board lacks jurisdiction over the appellant's VEOA appeal, we VACATE the initial decision and DISMISS the appeal for lack of jurisdiction.

## BACKGROUND

In April 2014, the appellant applied and was not selected, for a permanent Veterans Service Representative position.  Initial Appeal File (IAF), Tab 1 at 3. In July 2014, the appellant met with the agency's Human Resources Manager, M.B., to discuss his nonselection.  IAF, Tab 6 at 4.  During this meeting, the appellant alleges that M.B. informed him that there was no way to challenge his nonselection.  *Id*.  On October 29, 2015, the appellant contacted the Department of Labor (DOL) by telephone, and was told by a DOL representative that his VEOA complaint would be denied because it was not timely filed within the 60-day statutory deadline.  *Id*.  According to the appellant, the DOL representative advised him that he could file a Board appeal.  *Id*.

The appellant filed the instant appeal challenging his nonselection.  IAF, Tab 1.  The administrative judge issued orders directing the appellant to address the issues of timeliness and jurisdiction, IAF, Tabs 3-4, and the appellant filed a response, IAF, Tab 6.  The agency moved to dismiss the appeal.  IAF, Tab 9.  The

administrative judge issued an initial decision denying the appellant's request for corrective action under VEOA.  IAF, Tab 10, Initial Decision (ID).  The administrative judge found that the appellant had established jurisdiction over his appeal.  ID at 7-8.  However, the administrative judge found that the appellant was not entitled to corrective action because he failed to show that he filed his VEOA complaint with the DOL within the 60-day statutory deadline, or that he satisfied the requirements for equitable tolling.  ID at 8-11.  The appellant has filed a timely petition for review of the initial decision.  Petition for Review File, Tab 1.  The agency has filed a response, PFR File, Tab 3, to which the appellant has replied, PFR File, Tab 4.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Although the Board generally lacks jurisdiction over nonselections, an appellant may appeal his nonselection under VEOA.  *Gingery v. Department of the Treasury*, 113 M.S.P.R. 157, ¶ 13 (2009), *aff'd*, 403 F. App'x 498 (Fed Cir. 2010).  To establish Board jurisdiction over a veterans' preference appeal brought pursuant to 5 U.S.C. § 3330a(a)(1)(A), an appellant must:  (1) show that he exhausted his remedy with DOL; and (2) make

---

[2] After the record in this matter closed, the appellant filed a motion titled "Petition for Enforcement."  PFR File, Tab 5.  In his motion, the appellant requests that the Board "enforce the Administrative Judge's Acknowledgment Order dated 10/30/2015 . . ." and he lists specific materials which he believes the agency should have provided.  *Id.* Under 5 C.F.R. § 1201.182(a), a party may "petition the Board for enforcement of a final decision or order issued under the Board's appellate jurisdiction, or for enforcement of the terms of a settlement agreement that has been entered into the record for the purpose of enforcement in an order or decision under the Board's appellate jurisdiction."  As the appellant's motion appears to seek enforcement of the administrative judge's acknowledgment order or to compel discovery, his motion is not a proper petition for enforcement seeking enforcement of a final decision or order.  Thus, we do not consider his motion on review and we do not forward his motion to the region for docketing as a petition for enforcement.

nonfrivolous allegations that (i) he is a preference eligible within the meaning of VEOA, (ii) the action(s) at issue took place on or after the 1998 enactment date of VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012).

¶5      For an appellant to meet VEOA's requirement that he exhaust his remedy with DOL, he must establish that:  (1) he filed a complaint with the Secretary of Labor, and (2) the Secretary of Labor was unable to resolve the complaint within 60 days or has issued a written notification that the Secretary's efforts have not resulted in resolution of the complaint. *Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 8 (2005).  The administrative judge found that the appellant's oral conversation with a DOL representative in October 2015, satisfied the statutory requirement that he file a complaint with the Secretary of Labor.  ID at 7-8.  However, the statute explicitly requires that a VEOA complaint "shall be in writing."  5 U.S.C. § 3330a(a)(2)(A)(B); *see Mitchell v. Department of Commerce*, 106 M.S.P.R. 648, ¶ 9 (2007), *aff'd*, 276 F. App'x 1007 (Fed. Cir. 2008), *overruled on other grounds by Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶¶ 9-10 (2009).  The appellant does not allege that he filed anything with DOL in writing that could satisfy the statutory requirement for a written complaint.  Therefore, we vacate the initial decision and dismiss the appeal for lack of jurisdiction because the appellant failed to establish that he exhausted his remedy with DOL.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.