# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

SEAN M. DONAHUE,
    Appellant,

v.

DEPARTMENT OF LABOR,
    Agency.

DOCKET NUMBERS
PH-3330-16-0357-I-1
PH-3330-16-0385-I-1
PH-3443-17-0262-I-1

DATE: July 22, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sean M. Donahue, Hazleton, Pennsylvania, pro se.

Jennifer L. Bluer, Esquire, Richard T. Buchanan, Esquire, Anthony D. DiBacco, and Kimberly Amaya, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1 The appellant has filed petitions for review of three initial decisions, which denied his Veterans Employment Opportunities Act of 1998 (VEOA) veterans' preference claim on the merits, dismissed his VEOA right-to-compete claim for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

lack of jurisdiction, and dismissed his prohibited personnel practices claim for lack of jurisdiction. Generally, we grant petitions such as these one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions. 5 C.F.R. § 1201.113.

¶2 The instant decision involves three appeals, each concerning the agency's Economist or Statistician position in Philadelphia and the appellant's nonselections. *See Donahue v. Department of Labor*, MSPB Docket No. PH-3330-16-0357-I-1 (0357 Appeal), Initial Appeal File (0357 IAF), Tab 54, Initial Decision (0357 ID); *Donahue v. Department of Labor*, MSPB Docket No. PH-3330-16-0385-I-1 (0385 Appeal), Initial Appeal File (0385 IAF), Tab 51, Initial Decision (0385 ID); *Donahue v. Department of Labor*, MSPB Docket No. PH-3443-17-0262-I-1 (0262 Appeal), Initial Appeal File (0262 IAF), Tab 15, Initial Decision (0262 ID). As further detailed below, the agency advertised the position under a number of vacancy announcements. 0385 ID at 2 & n.1. Most relevant to the instant appeals, the agency posted Announcement Number PW-16-PHIL-BLS-0010 to fill the position at the GS-07 level. 0357 IAF, Tab 3 at 6-11. The agency posted this vacancy announcement under the Pathways Recent Graduate Program (Pathways Program). *Id*. at 6-8. Therefore, as recognized in

that announcement, the position was only open to applicants that graduated from a qualifying educational program within the 2 preceding years or veterans who graduated within the 6 preceding years if they were unable to participate in the Pathways Program during their 2-year post-graduate period because of military service. *Id*.; *see* Exec. Order No. 13,562, 75 Fed. Reg. 82,585 (Dec. 27, 2010). The agency later posted Announcement Number DE-16-PHIL-BLS-0042 to fill the same position at the GS-09 level. 0385 IAF, Tab 5 at 9-10. Unlike the prior announcement, this vacancy announcement did not fall under the Pathways Program or include a recent graduate requirement. *See id.*

¶3        The appellant is a preference eligible, but he did not meet the recent graduate requirement of the Pathways Program because his most recent educational endeavor ended more than 10 years earlier. 0357 IAF, Tab 3 at 34-38, 53-58. Nevertheless, he applied for the PW-16-PHIL-BLS-0010 announcement. *Id*. at 12-33. Initially, the agency scored and rated his application as "Category B" but later recognized that he failed to meet the recent graduate requirement. 0357 IAF, Tab 10 at 7-8. Because only two applicants fell within the higher "Category A" rating and agency policy required there be at least three such candidates before moving forward, the agency altogether canceled announcement PW-16-PHIL-BLS-0010 and replaced it with announcement DE-16-PHIL-BLS-0042. *Id*. at 7, 16, 49.

¶4        The appellant also applied for announcement DE-16-PHIL-BLS-0042. 0385 IAF, Tab 3 at 11-32. Once again, based on the scoring of his responses to competency based questions, the appellant's application was rated as "Category B," but only those with higher scores and rated as "Category A" were placed on the certificate of eligibles and referred to the selecting official. 0385 IAF, Tab 5 at 6, 23-28, Tab 36 at 38. Ultimately, the agency instead filled the position through an internal merit promotion vacancy announcement, MS-16-PHIL-BLS-0066. 0385 IAF, Tab 36 at 7-9, 383-87.

¶5      The appellant filed the 0357 Appeal, disputing his nonselection for announcement PW-16-PHIL-BLS-0010. 0357 IAF, Tab 1. Without holding the requested hearing, the administrative judge denied his request for corrective action under VEOA, finding that the appellant failed to meet his burden of proving that the agency violated his veterans' preference rights. 0357 ID.

¶6      The appellant filed the 0385 Appeal, disputing his nonselection for announcement DE-16-PHIL-BLS-0042. 0385 IAF, Tab 1. The administrative judge in that appeal similarly issued a decision without holding the requested hearing. 0385 ID at 1. He found that, while the appellant established jurisdiction over a veterans' preference VEOA claim, he failed to meet his burden on the merits. *Id*. at 6-7, 10-17. The administrative judge also noted that the appellant appeared to present a right-to-compete VEOA claim concerning announcement MS-16-PHIL-BLS-0066 but dismissed that matter for lack of jurisdiction. *Id*. at 1, 7-9.

¶7      The appellant filed the 0262 Appeal, alleging that the agency committed a prohibited personnel practice concerning announcement PW-16-PHIL-BLS-0010. 0262 IAF, Tab 1. The administrative judge in that appeal dismissed the matter for lack of jurisdiction. 0262 ID.

¶8      The appellant has filed a petition for review in each of these appeals. *Donahue v. Department of Labor*, MSPB Docket No. PH-3330-16-0357-I-1, Petition for Review (0357 PFR) File, Tab 1; *Donahue v. Department of Labor*, MSPB Docket No. PH-3330-16-0385-I-1, Petition for Review (0385 PFR) File, Tab 1; *Donahue v. Department of Labor*, MSPB Docket No. PH-3443-17-0262-I-1, Petition for Review (0262 PFR) File, Tab 1. The agency has filed responses, and the appellant has replied. 0357 PFR File, Tabs 3-4; 0385 PFR File, Tabs 5-6; 0262 PFR File, Tabs 3-4. Although adjudicated separately below, we JOIN the three appeals on review because the facts are interrelated and joinder will expedite processing without adversely affecting the interests of the parties. *See* 5 C.F.R. § 1201.36(b).

<u>The appellant failed to prove that the agency violated his veterans' preference rights in the 0357 Appeal or 0385 Appeal.</u>

¶9      The Board has jurisdiction over two types of VEOA claims:  (1) the denial of a right to compete; and (2) the violation of a statute or regulation relating to veterans' preference.  *See* 5 U.S.C. § 3330a(a)(1)(A) (veterans' preference claims); 5 U.S.C. §§ 3330a(a)(1)(B), 3304(f)(1) (right-to-compete claims); *see generally Piirainen v. Department of the Army*, 122 M.S.P.R. 194, ¶ 8 (2015) (analyzing a VEOA claim to determine under which theory it belonged).  To prevail on the merits of a claim that the agency violated his veterans' preference rights, the appellant must prove by preponderant evidence that:  (1) he exhausted his remedy with DOL; (2) he is a preference eligible within the meaning of VEOA; (3) the action at issue took place on or after the October 30, 1998 enactment date of VEOA; and (4) the agency violated his rights under a statute or regulation relating to veterans' preference.  *See Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012) (setting forth these elements in terms of the appellant's lesser jurisdictional burden); *Isabella v. Department of State*, 106 M.S.P.R. 333, ¶¶ 21-22 (2007) (finding that to prevail on the merits, the appellant must prove these elements by preponderant evidence), *aff'd on recons.*, 109 M.S.P.R. 453 (2008).  The administrative judges in the 0357 Appeal, concerning announcement PW-16-PHIL-BLS-0010, and the 0385 Appeal, concerning announcement DE-16-PHIL-BLS-0042, each found that the appellant failed to meet his burden of proving the fourth element, that the agency violated his veterans' preference rights.  0357 ID at 4-6; 0385 ID at 10-17.  We agree.

¶10      First, it is undisputed that the PW-16-PHIL-BLS-0010 vacancy announcement included a recent graduate requirement, pursuant to the Pathways Program, and the appellant did not meet that requirement.  0357 IAF, Tab 3 at 6-8, 53-58.  Our reviewing court has considered this very matter and found that an agency does not act contrary to any veterans' preference laws or rules, or violate veterans' preference rights, by deeming a veteran ineligible for a position

based on the Pathways Program's recent graduate requirement. *Dean v. Department of Labor*, 808 F.3d 497, 506-08 (Fed. Cir. 2015). Second, it also is undisputed that the agency cancelled the PW-16-PHIL-BLS-0010 vacancy announcement and replaced it with the DE-16-PHIL-BLS-0042 announcement, but ultimately filled the position through a separate, internal, merit promotion. 0357 IAF, Tab 10 at 7, 16, 49; 0385 IAF, Tab 36 at 7-9, 383-87. The appellant has failed to present any basis for us to conclude that the use of multiple vacancy announcements was unlawful or violated his veterans' preference rights. *See Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1384 (Fed. Cir. 2007) (finding that the agency did not violate VEOA by utilizing both the competitive examination and merit promotion processes to fill the same position and selecting someone other than the veteran under the merit promotion process); *Abell v. Department of the Navy*, 343 F.3d 1378, 1384 (Fed. Cir. 2003) (recognizing that "[a]n agency may cancel a vacancy announcement for any reason that is not contrary to law"). Third, it is undisputed that the agency scored the appellant's applications for the two vacancy announcements, even though he was only eligible for one, each time resulting in a "Category B" rating, and not the higher rated "Category A." 0357 IAF, Tab 10 at 7-8; 0385 IAF, Tab 36 at 38. Generally speaking, this method of sorting applicants is not a violation of any veterans' preference rights. *See generally Launer v. Department of the Air Force*, 119 M.S.P.R. 252, ¶ 7 (2013) (explaining the category rating system of 5 U.S.C. § 3319; noting that an agency may assign numerical scores for purposes of placing applicants in categories and that certain individuals with service-connected disabilities must be placed in the highest category, but veterans' preference points are not added to the scores).

¶11     On review of the 0357 Appeal, the appellant asserts that the agency "showed favoritism towards a black applicant from [A]frica." 0357 PFR File, Tab 1 at 4. He also disputes the quality of that applicant's education, arguing that it should have been disqualifying. *Id*. at 4-5. However, VEOA does not provide

the Board with the authority to review allegations of discrimination. *Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶¶ 11-12 (2001). Nor does it provide the Board with the authority to determine which applicant was most qualified. *See Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 11 (2014) (explaining that the Board's role under VEOA is not to determine whether a preference eligible is qualified for a particular position or whether he should have been selected for the position in question, but instead to focus on the narrower question of whether the agency violated veterans' preference rights), *aff'd*, 818 F.3d 1361 (Fed. Cir. 2016). For the same reason, the appellant's assertion that his education warranted a "Category A" rating is unavailing. 0357 PFR File, Tab 1 at 4-5; *see Miller*, 121 M.S.P.R. 88, ¶ 11; *Launer*, 119 M.S.P.R. 252, ¶ 7.

¶12 On review of the 0385 Appeal, the appellant notes that the agency offered him a GS-09 Statistician position in 2012. 0385 PFR File, Tab 1 at 3; 0385 IAF, Tab 8 at 4-5. He argues that this was the same position as the ones at issue in the instant appeals and the qualifications remain the same, so it was improper for the agency to now deny him the position. 0385 PFR File, Tab 1 at 3. We find no merit to the argument. Even if the appellant had presented evidence to show that the positions were the same and he submitted the same or similar application package, he has failed to present any argument or evidence that the differing results are in any way related to his veterans' preference rights. *See Miller*, 121 M.S.P.R. 88, ¶ 11.

¶13 In sum, we find that the appellant has failed to meet his burden of proving that the agency violated his veterans' preference rights when it did not select him for the Economist or Statistician vacancy announcements, PW-16-PHIL-BLS-0010 and DE-16-PHIL-BLS-0042.

<u>The appellant failed to establish jurisdiction over a right-to-compete claim in the 0385 Appeal.</u>

¶14  As previously discussed, in addition to veterans' preference claims, the Board also may address right-to-compete claims under VEOA. *Supra*, ¶ 9. To establish jurisdiction over a right-to-compete VEOA claim, an appellant must prove by preponderant evidence that: (1) he exhausted his remedy with DOL; (2) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(1); (3) the action at issue took place on or after the December 10, 2004 enactment date of the Veterans' Benefits Improvement Act of 2004; and (4) the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C. § 3304(f)(1). *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010); *see Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 19 (2010) (reflecting that the appellant's burden on the merits of a right-to-compete claim is preponderant evidence).

¶15  In addition to his veterans' preference arguments concerning the announcements he did apply for, the appellant suggested that he should have been allowed to apply for MS-16-PHIL-BLS-0066, the internal merit promotion announcement. *See* 0385 ID at 7; 0385 IAF, Tab 21 at 9. The administrative judge considered this as a right-to-compete claim but found that, even if the appellant had met his burden concerning the other elements, the appellant failed to prove he exhausted that matter with DOL. 0385 ID at 8-9; *see Gingery v. Department of the Treasury*, 113 M.S.P.R. 157, ¶¶ 13-15 (2009) (finding that an appellant proved DOL exhaustion regarding the one vacancy announcement identified in his DOL complaint but not other concurrent announcements for the same position), *aff'd*, 403 F. App'x 498 (Fed. Cir. 2010). Specifically, he noted that the appellant's correspondence pertaining to the DOL exhaustion requirement did not include any mention of the internal merit promotion announcement,

MS-16-PHIL-BLS-0066. 0385 ID at 9. Therefore, the administrative judge concluded that the appellant did not meet his jurisdictional burden. *Id*.

¶16 On review, the appellant summarily asserts that he was "clearly denied a right to compete." 0385 PFR File, Tab 1 at 3. However, the appellant has not presented any argument or evidence regarding the DOL exhaustion requirement. Accordingly, we discern no basis for reaching a conclusion contrary to that of the administrative judge. The appellant failed to meet his jurisdictional burden of proving that he exhausted a right-to-compete claim concerning vacancy announcement MS-16-PHIL-BLS-0066.

The appellant failed to establish jurisdiction over his prohibited personnel practice claim in the 0262 Appeal.

¶17 In the 0262 Appeal, the appellant presented arguments similar to those addressed above. 0262 IAF, Tab 1 at 5; *see supra*, ¶ 11. He alleged that the agency committed a prohibited personnel practice when it failed to deem an applicant for vacancy announcement PW-16-PHIL-BLS-0010 ineligible based on the nature or quality of his education in Nigeria. 0262 IAF, Tab 1 at 5. According to the appellant, that purported inaction evidenced discrimination on the basis of race or national origin. *Id*. With this 0262 Appeal, the appellant also presented evidence that he previously had raised this allegation with the Office of Special Counsel. 0262 IAF, Tab 1 at 7-13, Tab 3 at 9-12.

¶18 While dismissing the 0262 Appeal for lack of jurisdiction, the administrative judge properly noted that the appellant's nonselection is not an appealable adverse action. 0262 ID at 8; *see Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 93 (1992). He also correctly noted that, in the absence of an otherwise appealable matter, the Board lacks jurisdiction over discrimination and prohibited personnel practice claims. 0262 ID at 8; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Finally, the administrative judge recognized that the appellant had not presented a reprisal claim that the Board could consider as an individual right of action

appeal.   0262 ID at 8; *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶19     Although the appellant filed a petition for review, it contains no argument or evidence concerning the Board's jurisdiction.   0262 PFR File, Tab 1. Accordingly, we find that the administrative judge properly dismissed the 0262 Appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.   5 U.S.C. § 7703(a)(1).   By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.   5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.   If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.   Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.   If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.   As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.